**Morris Q. MURRAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12–90–00043–CR.**

Court of Appeals of Texas,
Tyler.

Sept. 23, 1992.

---

Mary Lou Tevebaugh, Longview, for appellant.

C. Patrice Savage, Longview, for appellee.

BILL BASS, Justice.

Appellant was convicted on his plea of guilty before a jury of attempted capital murder of Randall Rieger, a Longview police officer. The jury assessed his punishment at confinement for life. We will affirm the judgment.

When Trent Oberthier arrived at his home on Third Street, his neighbor called him over to her porch. As he approached the neighbor's porch, he noticed the Appellant standing in the road. Appellant approached Oberthier and announced his intention to shoot him. Oberthier ran toward his house and Appellant fired several shots at him. Oberthier came back out on his front porch with his shotgun. Appellant, who by now was across the road from Oberthier's house, turned, shined his flashlight at Oberthier, and fired at him three more times. Longview Police Sergeant Randall Rieger was driving toward the scene when he heard several shots in rapid succession. He then saw Appellant run around a truck, turn, and shoot twice toward the Oberthier house. Officer Rieger stopped his car, got out and shouted to Appellant, "police, throw down the gun." Appellant then turned and fired at Rieger, the bullet striking in front of the police car. Rieger fired at Appellant. Appellant then ran to Oberthier's truck and then to a nearby telephone pole where Oberthier saw him throw down his pistol and another object. Appellant then surrendered. The police recovered Appellant's pistol and flashlight. Four feet from the pistol, the police found a beige vinyl bag containing a spoon, syringes, small plastic bags, and pills.

In his first point of error, Appellant complains that the trial court erred in admitting into evidence the brown vinyl bag and its contents, because this constituted evidence of the extraneous offense of possession of drug paraphernalia. Appellant argues that the evidence was not relevant to an issue in the case, that the accused was not clearly shown to be the perpetrator of the offense, and that the inflammatory potential of the evidence outweighed its probative value.

At trial, Appellant called two witnesses in an attempt to link his irrational behavior on the night of the crime to his inhalation of gasoline. The first of the two testified that, after Appellant had tried to syphon gasoline from two vehicles, he began to

spit and cough and could not recognize her and would not listen to her. The second witness, a licensed vocational nurse, testified that gasoline fumes, when inhaled, are a central nervous system depressant capable of producing marked behavioral and personality changes often accompanied by impaired perception and judgment.

The State argues that the bag and drug paraphernalia were introduced to demonstrate that the Appellant's conduct was more likely the product of the use of illegal drugs. Therefore, the State contends, the evidence of the extraneous offense was relevant to rebut the Appellant's claim of intoxication by gasoline fumes.

■ The recent case of *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1990), prescribes the procedure for adjudicating the admissibility of extraneous offenses. First, the trial court must determine if the evidence of other bad acts "is relevant for any purpose," and if so, if it has relevance "apart from its tendency to prove [the] character of a person in order to show that he acted in conformity therewith." *Montgomery*, 810 S.W.2d at 387; Tex.R.Crim. Evid. 404(b). If the answer to both inquiries is "yes," and the objection is raised that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant, Tex. R.Crim.Evid. 403 requires the trial court to weigh the probative value of the evidence against its potential for unfair prejudice to the defendant. Unless the probative value is *substantially* outweighed by the danger of unfair prejudice, the trial court may admit it. *Montgomery*, 810 S.W.2d at 392.

■ The *Montgomery* opinion makes it clear that, under the rules of Criminal Evidence an inclusionary presumption has replaced the exclusionary attitude toward the admission of evidence of extraneous offenses.

> [T]he trial court must be given wide latitude to exclude, or, particularly in view of the presumption of admissibility of relevant evidence, *not* to exclude misconduct evidence as he sees fit. So long as the trial court thus operates within the boundaries of its discretion, an appellate

court should not disturb its decision, whatever it may be.

*Montgomery*, 810 S.W.2d at 390. The determination of relevance depends upon the trial judge's perception of common experience. "Reasonable men may disagree whether in common experience a particular inference is available." *Id.* at 391. So long as the trial court's ruling is within that "zone of reasonable disagreement," no abuse of discretion occurs and an appellate court may not disturb the trial judge's decision. *Id.* An appellate court owes the same deference to the trial judge's determination of whether the probative value of the evidence of "other crimes, wrongs, or acts" is substantially outweighed by the danger of unfair prejudice. *Id.* at 392. It should reverse the judgment of the trial court "rarely and only after a clear abuse of discretion." *United States v. Maggitt*, 784 F.2d 590, 597 (5th Cir.1986); *Montgomery*, 810 S.W.2d at 392.

■ The drug paraphernalia constituted evidence tending to show drug abuse. It is therefore of some relevance to rebut the defensive theory that Appellant's conduct proceeded from accidental and innocent inhalation of gasoline fumes. Appellant argues that, even if otherwise relevant, the evidence that he was the author of the extraneous offense is not "clear and convincing," and therefore evidence of the crime must be excluded. However, in the wake of *Montgomery*, we have concluded that there need not be "clear and convincing" evidence that the defendant committed the extraneous offense, but only sufficient evidence from which a jury may reasonably find, by a preponderance of the evidence, that the other crime, wrong, or bad act was committed, and that the defendant was the actor. *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *Harris v. State*, 827 S.W.2d 949, 962 (Tex.Cr.App.1992); *Harrell v. State*, No. 12–89–00035–CR, 1992 WL 179716 (Tex.App.—Tyler, July 31, 1992) (opinion on remand, no writ). The proximity of the drug paraphernalia to Appellant's pistol and flashlight and the circumstances attending their discovery con-

stitute sufficient evidence from which the jury might reasonably find, by a preponderance of the evidence, that Appellant was the owner of the drug paraphernalia.

■ Measuring the trial court's ruling against the relevant criteria by which a Rule 403 decision is to be made, we also conclude that the trial judge did not abuse his discretion in determining that the probative worth of the evidence was not substantially outweighed by its potential for unfair prejudice to Appellant. *See* WRIGHT & GRAHAM, *Federal Practice and Procedure: Evidence* §§ 545–51 (1978). It is doubtful that the jury was impressed by the Appellant's evidence, offered in mitigation of punishment, that he was intoxicated by gasoline fumes. However, the evidence of Appellant's possession of paraphernalia for injecting narcotics was the only proof presented by the State directly tending to refute Appellant's theory. No delay resulted from the introduction of the evidence of the extraneous offense. It is unlikely, considering the nature of the accusation, that the jury's attention was diverted from the offense charged. Given the circumstances of this case, the evidence was admissible under Rule 403. Appellant's first point of error is overruled.

In his second point, Appellant contends that this conviction should be reversed, because he was denied effective assistance of counsel.

■ The standard of review appropriate to a claim of ineffective assistance of counsel at the punishment stage of trial is "reasonably effective assistance of counsel" gauged by the totality of the representation of the accused. *Ex parte Walker*, 777 S.W.2d 427, 431 (Tex.Cr.App.1989). A defendant's constitutional right to counsel does not mean errorless counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Cr.App. 1980).

■ Appellant claims three errors demonstrate his trial counsel's deficient performance. First, he contends that his trial counsel erred by stating in his opening argument to the jury that Appellant was a "sick man" and by conceding "we're dealing with a very sick individual here, folks." The State argues, and we agree, that this was a trial strategy; the confession of a lesser failing to imply the absence of a greater one. To concede sickness when most of the evidence points to murderous malevolence is not a concession likely to have harmed the Appellant. An error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Burns*, 601 S.W.2d at 372; *Schaired v. State*, 786 S.W.2d 497 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

■ Secondly, Appellant complains that his counsel's performance was deficient, because he failed to voir dire the State's reputation witnesses outside the presence of the jury before they testified. Therefore, Appellant claims, his counsel elicited testimony on cross-examination that damaged his case. However, Appellant does not point to any harm that resulted from this failure.

■ Finally, Appellant argues his counsel's performance was constitutionally deficient, because he failed to object to extraneous offenses contained in the pen packet of Appellant. The pen packet showed two felony convictions for possession of a controlled substance. Appellant pled guilty to one of the offenses and was placed on probation, and four other offenses were taken into consideration by the court in assessing punishment under TEX.PENAL CODE ANN. § 12.45 (Vernon 1974). Appellant admitted these crimes and requested that they be considered in determining his sentence. Prosecution for those offenses was thereby barred. Appellant claims that his lawyer should have objected to the four offenses taken into consideration in setting punishment. We disagree. They became part of the judgment of conviction, admissible as part of Appellant's criminal record, and could properly be considered by the jury in assessing punishment.

■ Appellant also complains that his lawyer failed to object to evidence of extraneous offenses alleged in the State's application to revoke his probation in the same

cause. TEXAS CODE OF CRIMINAL PROCEDURE 37.07 § 3(a) provides in pertinent part:

> [E]vidence may, as permitted by the rules of evidence, be offered by the state and the defendant *as to any matter the court deems relevant* to sentencing....

(Emphasis added.)

In applying almost identical language contained in TEX.CODE CRIM.PROC. 37.071(a), relating to the punishment phase of capital murder trials, the Court of Criminal Appeals held that the contents of a Georgia pen packet were admissible, although the pen packet included a petition for revocation of probation and order revoking probation containing allegations of an extraneous offense for which no conviction had been obtained. *Gentry v. State*, 770 S.W.2d 780 (Tex.Cr.App.1988), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1013 (1989); *see also Huggins v. State*, 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd). Trial counsel's conduct was not ineffective for failure to object to the admission of the evidence of these offenses. Appellant's second point is overruled.

The judgment is affirmed.