Frank ESTRADA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00228–CR.

Court of Appeals of Texas,
El Paso.

June 23, 1994.

Joseph (Sib) Abraham, Jr., El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

This is a direct criminal appeal from a jury conviction for the offense of delivery of a controlled substance, namely cocaine, having an aggregate weight of 400 grams or more. The jury assessed punishment at twenty years imprisonment and a fine of $2,000. We affirm.

The evidence adduced at trial indicated that on March 16, 1992, Officer Enrique Cubillos met with Appellant at a restaurant to negotiate buying ten kilograms of cocaine. Along with the officer and Appellant, several other people were present at the meeting, including two brothers, Daniel and David Peimbert. Due to the number of people present, they decided that Daniel Peimbert would contact Cubillos to finalize the negotiations. Later the same day, Daniel phoned Cubillos and told him that "his people" would sell only one kilogram in order to protect their investment. Officer Cubillos agreed to the one kilogram for the price of $17,500. The following day, March 17, Daniel phoned Cubillos and instructed him to meet at a Cashway store on Lee Trevino Blvd. at a specified time. Upon arriving at the Cashway, Officer Cubillos saw Daniel standing next to a black Camaro, with Appellant sitting in the passenger seat of the vehicle and David Peimbert seated in the driver's side of the Camaro. Appellant left the Camaro and entered the passenger side of Cubillos' vehicle in order to see the money. After showing Appellant the money, Officer Cubillos asked for the location of the cocaine, and Appellant indicated it was in his car parked about fifty feet away. Appellant accompanied Cubillos to his vehicle, asked him if he was a "cop",

and upon receiving a negative answer, handed Cubillos the keys to his car. The officer opened the trunk and Appellant told him the cocaine was inside a hatbox. Cubillos opened the hatbox and observed the kilogram brick of cocaine. As Appellant and Cubillos were walking back to Cubillos' vehicle, the "bust" signal was given, and Appellant and the Peimbert brothers were arrested.

Appellant brought forward one point of error, asserting that he was denied effective assistance of counsel at trial.

The standard for determining whether a defendant received ineffective assistance of counsel was set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court explained in *Strickland* that a defendant must show (1) that his counsel's assistance was deficient; and (2) that but for his counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067–68. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown of the adversarial process that rendered the result unreliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The Court of Criminal Appeals has expressly adopted the *Strickland* two-prong test. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim. App.1986); *Hathorn v. State*, 848 S.W.2d 101, 118 (Tex.Crim.App.1992). *Strickland* mandates that the inquiry must be whether counsel's assistance was reasonable considering all the circumstances. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064–65. When reviewing an ineffective assistance claim, "judicial scrutiny of counsel's performance must be highly deferential," and "the totality of the representation" must be examined to judge if the *Strickland* standard has been met. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim.App.1990). Further, the standard has never been interpreted to mean that the accused is entitled to errorless or perfect counsel, and appellant must show omissions or other mistakes made by counsel that amount to professional errors of a magnitude sufficient to raise a reasonable probability that the outcome of the trial would have been different but for the errors. *Id.* The pur-

pose of the guarantee of effective assistance of counsel is "simply to ensure that criminal defendants receive a fair trial." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The test is to be applied at the time of trial, not through hindsight, and a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy' ". *Id.; Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Crim.App.1991).

■ Appellant complains of several aspects of his counsel's performance. He complains that counsel's opening statement indicated that the evidence would show Mr. Estrada's possession of the cocaine. The same complaint is made concerning counsel's closing argument. Appellant complains that counsel's cross-examination of Agent Cubillos was insufficient to develop "holes" in the State's case. Most importantly, Appellant complains that during direct examination, his counsel had Appellant testify to facts which established elements of the offense. In sum, Appellant asserts that his counsel admitted Mr. Estrada's guilt to the jury.

Appellant argues that his trial counsel should have recognized that he was establishing Appellant's guilt as to certain elements of the offense. Appellant argues that counsel's performance was an abandonment of his client's defense. This argument concerns the performance element of the *Strickland* standard. Appellant relies on *United States v. Swanson*, 943 F.2d 1070 (9th Cir.1991), where the Court said:

> When a defense attorney concedes that there is no reasonable doubt concerning the only factual issues in dispute, the Government has not been held to its burden of persuading the jury that the defendant is guilty.

*Id.* at 1073. Whereas, in *Swanson*, counsel's final argument conceded the only issue in dispute, the identity of his client as the perpetrator, the situation in the present case is not similar. Counsel in the present case did argue that Appellant was guilty of possession of the cocaine, and Appellant did testify to facts that constituted some elements of the crime, but counsel, from beginning to end, argued that Mr. Estrada never met the intent element required for the commission of the indicted offense of delivery of cocaine.[1] Appellant's counsel never conceded there was no reasonable doubt to the *only* factual issues in dispute. Conceding the Appellant's guilt to a lesser crime has been viewed as a reasonable trial tactic. *See Hathorn*, 848 S.W.2d at 118 (admitting guilt to lesser murder in capital murder case, although unsuccessful, was reasonable trial tactic), *and Murray v. State*, 840 S.W.2d 675, 679 (Tex.App.—Tyler 1992, no pet.) (counsel's confession that defendant is guilty of lesser crime to imply absence of guilt to greater crime was trial strategy). Even in *Swanson*, the Court recognized "that in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges." *Swanson*, 943 F.2d at 1075–1076. We will not inquire into the strategy or tactics of counsel unless, from all appearances after trial, there is no plausible basis in strategy or tactics for his actions. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim.App.1980); *Murray*, 840 S.W.2d at 679. Keeping in mind *Strickland's* instruction to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," we find that Appellant has not "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

■ Even if counsel's performance was deficient, Appellant almost completely fails to grapple with the prejudice component of the *Strickland* standard. In making the deter-

---

1. It is not unreasonable that counsel's admission of possession was a strategy aimed at acquittal, since the charge did not include the lesser-included offense of possession of cocaine. Since this is a direct appeal, we do not have a sufficient record indicating exactly what counsel's strategy was. *See Jackson v. State*, 877 S.W.2d 768 (Tex. Crim.App.1994) (Baird, J., concurring) (ineffective assistance claims should be raised collaterally and not on direct appeal because the record would generally be insufficient).

mination whether specified errors resulted in prejudice, a court should presume that the jury acted according to law. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Shaw v. State,* 874 S.W.2d 115 (Tex.App.—Austin 1994, no pet. h.). When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt as to the guilt of the accused. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. A verdict or conclusion only weakly supported by the record is more likely to have been affected by the errors than one with overwhelming support in the record. *Id.* "Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069.

We conclude, applying the *Strickland* prejudice standard, that the Appellant has not met his burden of showing that the decision reached by the jury would "reasonably likely have been different absent the errors." The evidence of those elements of the offense to which Appellant complains his counsel had him admit to were established even without Appellant's testimony. The testimony of Agent Cubillos established that Appellant was present at the preliminary meeting for negotiating the sale. Cubillos' testimony also established that Appellant viewed the buy money, accompanied the officer to Appellant's car containing the cocaine, handed the officer the keys to the trunk of the vehicle, and directed the officer to the cocaine under a hatbox. We are comfortable in concluding that even if the jury had not heard Appellant's testimony, it could reasonably have reached a verdict of guilty. Any errors committed by counsel were not sufficient to undermine confidence in the outcome of Appellant's trial. We overrule Appellant's point of error.

The judgment of the trial court is affirmed.