COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ANGEL CASTAÑEDA,                                       )

                                                                              )               No.  08-02-00391-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
120th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20010D06388)

                                                                              )

 

 

O
P I N I O N

 

Angel Castañeda appeals from his conviction of violation of a
protection order, enhanced. Upon the jury finding of guilt, the jury assessed
punishment of 12 years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  Appellant raises eleven issues
on appeal.  We affirm.

Maria Castañeda, Appellant=s
wife, obtained a protective order against her husband on October 26, 2001,
which was effective until December 26, 2001. 
The protective order prohibited the Appellant from going within 200
yards of Mrs. Castañeda=s
residence and from their three children=s
respective schools and day care facilities. 
The order also generally prohibited the Appellant from committing acts
of family violence, threatening, or harassing his wife and family. 








On
November 20, 2001, Appellant came up on his wife as she was placing their
youngest son into her car.  An
argument began and then Appellant forced his way into the car, taking over the
driver=s seat
and pushing his wife over to the passenger seat.  Appellant then sped off. Mrs. Castañeda testified she did not want to be with Appellant;
that she had asked her husband to stop the car; and that he struck her as he
drove the car.  She tried to jump out of
the car but Appellant was able to close the door.  Finally, Appellant hit a gas meter which
apparently caused a flat tire and after the car stopped, Appellant left the
scene.

Police Officer Obptande was a patrol officer dispatched to the location
where Appellant stopped and left the car. 
An ambulance had already arrived and EMS workers were tending to Mrs. Castañeda.  The
officer testified that Mrs. Castañeda was emotionally
distraught, A[y]ou could tell she had been crying.  Her face was red.  She couldn=t
stand still.  She was obviously
distraught.@

In Issue One,
Appellant challenges his conviction on the basis that the indictment failed to
allege all of the necessary elements to prove a violation of a protective
order.  The State counters that any error
was not preserved for appellate review by a timely objection.  Moreover, the State asserts that the
indictment is not defective because it alleges all of the elements of the
offense of violation of a protective order or magistrate=s
order as set out by the Tex.Pen.Code Ann. '
25.07 (Vernon Supp. 2004).








Appellant did not
raise this objection regarding the indictment prior to the trial.  Failure to allege an element of the offense
in an indictment or information is a defect of substance, which can be waived
under Tex.Code Crim.Proc.Ann.
art. 1.14(b)(Vernon Supp.
2004).  As long as the charging
instrument charges Athe
commission of an offense@
it is not fundamentally defective even if it fails to allege an element of the
offense.  Rodriguez
v. State, 90 S.W.3d 340, 359 (Tex.App.--El Paso
2001, pet. ref=d); Duron v. State, 956 S.W.2d 547, 550-51 (Tex.Crim.App. 1997). 
An indictment will suffice if it charges a crime with enough clarity and
specificity to identify the penal statute which the State intends to utilize,
even if the instrument is otherwise defective. 
Rodriguez, 90 S.W.3d at 359.

The indictment in
this case does not allege that Appellant committed family violence by means of
either of the two variations listed for committing family violence under the
definition in Tex.Pen.Code Ann. '
25.07.  However, looking at the entirety
of the indictment, all of the elements of the offense of a violation of a
protective order or magistrate=s
order are alleged.  The indictment
contains wording such that Appellant was able to identify the specific penal
statute involved.  Since Appellant was
required to object to the indictment prior to the day of trial, he has waived
his complaint on appeal.  Tex.Code Crim.Proc.Ann.
art. 1.14(b); Rodriguez, 90
S.W.3d at 359.  We overrule Issue
One.

In Issue Two,
Appellant asserts that he was egregiously harmed by the failure to charge the
jury on all the elements of a violation of a protective order or magistrate=s order.  Specifically, Appellant contends that the
application paragraph submitted to the jury only required the jury to determine
if the Appellant had committed the offense of assault, not family violence as
expressed in Section 25.07(a) of the Texas Penal Code.  See Tex.Pen.Code Ann. ' 25.07(a).  The State argues that all of the elements of
the offense were included in the application paragraph of the jury charge,
thereby making Appellant=s
claim meritless. 









We examine jury
charge error under the standards set forth in Almanza
v. State, 686 S.W.2d 157 (Tex.Crim.App.
1984).  When reviewing a jury charge
error claim, we must first determine whether error actually exists in the
charge.  See Arline
v. State, 721 S.W.2d 348, 351 (Tex.Crim.App.
1986).

To determine if
error occurred in this case, we must examine the charge as a whole, considering
the workable relationship between the abstract parts of the charge and those
parts that apply the abstract law to the facts of the case.  See Plata v. State,
926 S.W.2d 300, 302 (Tex.Crim.App. 1996), overruled
in part on other grounds by Malik v. State, 953
S.W.2d 234 (Tex.Crim.App. 1997); Caldwell v. State,
971 S.W.2d 663, 666 (Tex.App.--Dallas 1998, pet. ref=d).  The abstract or definitional paragraphs serve
as a glossary to help the jury understand the meaning of concepts and terms
used in the application paragraphs of the charge.  Id. 
A charge is adequate if it contains an application paragraph that
authorizes a conviction under conditions specified by other paragraphs of the
jury charge to which the application paragraph necessarily and unambiguously
refers, or contains some logically consistent combination of such paragraphs. Plata,
926 S.W.2d at 304; Caldwell, 971 S.W.2d at 666.

If error exists,
we must then assess whether any resulting harm requires reversal.  Almanza, 686 S.W.2d at 171. 
Appellant did not object to the claimed charge error at trial.  When error has not been properly preserved,
we will reverse only if the error is so egregious and created such harm that
the appellant was denied a fair and impartial trial.  Arline, 721 S.W.2d at 352; Almanza,
686 S.W.2d at 171.  A determination of
egregious harm requires that we examine the charge as a whole, the state of the
evidence, the argument of counsel, and any other relevant information revealed
by the record of the trial as a whole.  Almanza, 686 S.W.2d at 171; see Hutch v. State,
922 S.W.2d 166, 171 (Tex.Crim.App. 1996).








In this case, the
abstract portion of the charge properly set forth the elements of a violation
of a protective order or magistrate=s
order, including the family violence element. 
The application paragraph stated that in order to be found guilty of the
charge in the indictment, the jury must find that Appellant intentionally or
knowingly committed Aan
act of family violence against [Mrs. Castañeda]
to-wit assault by (1) intentionally, knowingly, or reckless causing bodily
injury to [Mrs. Castañeda], (2) intentionally or
knowingly threatening [Mrs. Castañeda] with imminent
bodily injury, or (3) intentionally or knowingly causing physical contact with
[Mrs. Castañeda] when the Defendant knew or should
reasonably have believed that [Mrs. Castañeda]
would regard the contact as offensive or provocative . . . .@ 
Therefore, when viewed in its entirety, the charge informed the jury of
the family violence element required for the commission of a violation of a
protective order or magistrate=s
order.  Since the abstract portion of the
charge contained the definition of family violence and the application
paragraph included the element of family violence, we conclude that there was
no error in the charge.  See Plata,
926 S.W.2d at 304; Caldwell, 971 S.W.2d at
666.  We overrule Issue Two.








In Issue Three,
Appellant challenges the factual sufficiency of the evidence in support of his
conviction of committing family violence or an assault against his wife.  In reviewing factual sufficiency challenge,
we begin with the assumption that the evidence is legally sufficient.  Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App.
1997).  This Court considers all
of the evidence, both admissible and inadmissible, but does not view it in the
light most favorable to the verdict.  Clewis
v. State, 992 S.W.2d 126, 129 (Tex.Crim.App.
1996); Chesnut v.State,
959 S.W.2d 308, 309 (Tex.App.--El Paso 1997, no
pet.).  We review the evidence
weighed by the jury that tends to prove the existence of the elemental fact in
dispute and compare it with the evidence that tends to disprove that fact.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.  2000).  A defendant may allege that the
evidence is so weak as to be clearly wrong and manifestly unjust, or in the
case where the defendant has offered contrary evidence, a defendant may argue
that the finding of guilt is against the great weight and preponderance of the
evidence.  Johnson, 23 S.W.3d at 11. 
Although the Court is authorized to set aside the fact finder=s determination under either of these
two circumstances, our review must employ appropriate deference and should not
intrude upon the fact finder=s
role as the sole judge of the weight and credibility given to any evidence
presented at the trial.  Johnson, 23 S.W.3d at 7.  We
are not free to reweigh the evidence and set aside a verdict merely because we
feel that a different result is more reasonable.  Cain v. State, 958
S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis, 922 S.W.2d at 135.

Mrs. Castañeda testified that while she and her husband were in
the car, he struck her.  There was ample
testimony from two witnesses, Jesus Guzman and Anna Jarvis,
that supported Mrs. Castañeda=s
testimony.  Specifically, Mr. Guzman
testified that he was following Appellant and Mrs. Castañeda,
and he saw Appellant pull Mrs. Castañeda toward him
and Appellant=s hand
was going up and down like he was hitting her. 
Mr. Guzman saw bruises on Mrs. Castañeda=s leg and redness on her face.  Ms. Jarvis, who was riding with Mr. Guzman,
testified similarly that it appeared to her that Mrs. Castañeda
was being beaten while in the car. 
Officer Obptande also testified that Mrs. Castañeda stated that Appellant had punched her repeatedly
on her head and face.








Appellant claims
that the only testimony that refers to Mrs. Castañeda
being hit by Appellant is that of Officer Obptande=s and since the officer does not speak
Spanish and his wife does not speak English, the officer=s
testimony is not credible.  Appellant
contends that if Officer Obptande=s testimony is removed from the record,
the evidence left is not sufficient for a jury to find beyond a reasonable
doubt that Appellant committed the essential elements of assault, as alleged in
the indictment.  That argument is
specious because even if Officer Obptande=s testimony is removed from the record,
there is sufficient testimony from the victim and two other witnesses to allow
a jury to find beyond a reasonable doubt that Appellant committed family
violence against Mrs. Castañeda by assaulting
her.  Appellant has failed to show that
the evidence presented by the State was so weak that the jury=s guilt-finding was clearly wrong and
manifestly unjust.  See Johnson, 23 S.W.3d at 11.  We
therefore overrule Issue Three.

In Issues Four,
Six, Seven, Eight, and Ten, Appellant challenges the ineffective assistance of
his counsel.  Claims of ineffective
assistance of counsel are reviewed under the two-prong test set out by the
United States Supreme Court in Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by
Texas in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App.
1986).  First, in order to prevail, the
defendant must show that the trial counsel=s
performance was deficient, which requires a showing that counsel=s representation fell below an
objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812 (Tex.Crim.App.
1999); Strickland, 466 U.S. at 687, 104 S.Ct.
at 2064.  Second, the defendant
must show that counsel=s
deficient performance prejudiced his defense. 
Strickland, 466 U.S. at 687, 104 S.Ct.
at 2064.  This requires the defendant to
show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of
the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S.Ct.
at 2068; Thompson, 9 S.W.3d at 812.








In reviewing a
claim of ineffective assistance of counsel, we must indulge a strong
presumption that counsel=s
conduct falls within the wide range of reasonable professional assistance and
the appellant must overcome the presumption that the challenged conduct might
be considered sound trial strategy.  Thompson, 9 S.W.3d at 813; Strickland, 466 U.S. at
689, 104 S.Ct. at 2065.  Any allegation of ineffectiveness must be
firmly founded in the record, and the records must demonstrate the alleged
ineffectiveness.  Thompson, 9 S.W.3d at 813.  In
the majority of instances, the record on direct appeal is simply undeveloped
and cannot adequately reflect the failings of trial counsel.  Thompson, 9 S.W.3d
at 813-14.  When faced with a
silent record as to counsel=s
strategy, this Court will not speculate as to the reasons for counsel=s actions.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App.
1994).  It is the defendant=s burden to prove by a preponderance of
the evidence that counsel was ineffective. 
Thompson, 9 S.W.3d at 813.

Appellant claims
that his trial attorney was ineffective in: 
(1) failing to object to testimony introduced by the State through
Officer Obtande as an excited utterance; (2) failing
to object to the lack of advance notice of the State=s
intent to introduce several extraneous offenses allegedly committed by
Appellant; (3) failing to object to the introduction of an extraneous burglary
of habitation offense during the punishment phase of the trial; (4) failing to
(a) object to the State=s
admission into evidence during the punishment phase of the trial of a portion
of the State=s Exhibit
containing a motion to revoke probation and a judgment revoking probation in
cause no. 64258-34, and (b) failing to request that the court conduct a hearing
on the admissibility of the extraneous offenses listed in the motion to revoke
and judgment of revocation prior to receiving these documents into evidence;
and (5) failing to object to the prosecutor=s
request that the jury ignore the translation provided by the official court
translator and determine for itself what the complaining witness testified to
while on the witness stand.   We will
address each of these objections in turn.








With respect to
the first claim, Appellant asserts that while his trial attorney objected to
the initial question made to Officer Obptande about
what Mrs. Castañeda had allegedly told him, he erred
in failing to object to any of the follow-up questions.  The record shows that the trial court
overruled his initial hearsay objection on the basis of the hearsay exception
for excited utterance and the subsequent questions were likewise
admissible.  Issue Four is overruled.

In Issue Six,
Appellant argues that his trial attorney was ineffective by failing to object
to the State=s failure
to provide advance notice of its intent to prove extraneous offenses during the
punishment phase as required by the Tex.Code Crim.Proc.Ann. art. 37.07, ' 3(g)(Vernon
Supp. 2004).  Similarly, in Issue Seven,
Appellant argues that his trial attorney was ineffective because he failed to
object to an extraneous burglary of habitation offense during the punishment
phase of the trial, to which the State had failed to provide Appellant with
notice of its intention of doing so. 
Issue Eight reiterates the argument raised in
Issue Six.  

It is uncontested
that Appellant=s trial
attorney submitted a timely request for notice pursuant to Article 37.07, sec.
3(g), and that the State failed to provide notice of its intent to prove
extraneous offenses at the punishment phase of the trial.  The State argues that although it failed to
provide notice, the enhancement paragraph of the indictment itself provided
Appellant with notice of the State=s
intention to introduce such evidence at punishment.

An enhancement
paragraph provides the defendant with written notice of the prior conviction on
which the State will rely to enhance his punishment.  Johnson v. State, 84 S.W.3d 726, 728 (Tex.App.--Houston [1st Dist.] 2002, pet. ref=d), citing Coleman v. State, 577
S.W.2d 486, 488 (Tex.Crim.App. 1979).  In this case, the enhancement paragraph of
the indictment stated:








And the Grand Jurors further present in
and to said Court that prior to the commission of the primary offense by the
said Defendant, on the 25th day of October, 1996 in the 34th
District Court of El Paso, Texas, in Cause Number 64258-34, the said Defendant,
was convicted of a felony, to wit: 
Burglary Paragraph AA@ only, and said conviction became final
prior to the commission of the primary offense.

 

We therefore find
that the indictment provided Appellant with sufficient written notice that the
State would present the prior burglary conviction to enhance his punishment at
the punishment trial.  See Johnson,
84 S.W.3d at 728. 
Appellant=s
attorney was therefore not ineffective for objecting to the lack of
notice.  See Strickland, 466 U.S.
at 687-88, 104 S.Ct. at 2064-65.

Appellant also
contends that his trial attorney provided ineffective assistance by failing to
object to the motion to revoke probation filed in Cause 64258-34 that listed
several extraneous offenses incorporated into the penitentiary packet.  The State alleges that the penitentiary
packet included the pleadings necessary to prove that the Appellant was
previously and finally convicted of burglary in cause number 64258-34.  The State contends that it provided the
motion to revoke probation and the judgment revoking probation to prove that
Appellant=s
conviction was final.  








We agree with the
State=s
contention that because the motion to revoke probation containing the prior
violations was used as part of proof of Appellant=s
prior conviction alleged for enhancement of his punishment, it could be
considered by the jury.  See Murray v.
State,  840
S.W.2d 675, 679-80 (Tex.App.--Tyler 1992, no
pet.).  In this case, the record does not
contain a motion for new trial.  We find
that Appellant=s trial
attorney was not ineffective in failing to object to this extraneous
evidence.  Appellant has failed to show
that his trial attorney=s
performance was deficient and that such performance deprived him of a fair
trial.  See Strickland, 466 U.S.
at 687, 104 S.Ct. at 2064.  Issues Six, Seven, and Eight are overruled.

In Issue Ten,
Appellant contends that his trial attorney rendered ineffective assistance by
failing to object to the prosecutor=s
request that the jury ignore the translation provided by the official court
translator and determine for itself what the complaining witness testified to
while on the stand.  During the closing
argument, the State=s
attorney stated the following with regards to Mrs. Castañeda=s testimony:

She has to have all
her testimony through a translator because she felt more comfortable doing it
in Spanish.  Everything we get from her
in the translation is lost.  For those
who speak Spanish, you know how true that is. 
You might say something in Spanish and it might come out entirely
different of it--the meaning--than the translation in Spanish.  You are not getting it from [Mrs. Castañeda]; you are getting the translation from the
translation [sic].  Keep that in
consideration when you evaluate her testimony.

 








We find that this statement does
not direct the jury to ignore Mrs. Castañeda=s testimony, but rather the statement
merely suggests that the meaning of words are sometimes lost in
translation.  As we read the statement,
the State=s
attorney was asking the jury to keep this in mind.  The State was not asking the jury to ignore
Mrs. Castañeda=s
testimony.[1]  Additionally, the accuracy of a sworn
interpreter=s
interpretation is a question of fact to be decided by the jury.  See Garcia v. State, 887 S.W.2d 862,
875 (Tex.Crim.App. 1994), cert. denied, 514
U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223
(1995).  Ergo, we find no error or
deficient representation committed by Appellant=s
failure to object to these statements.  See
Strickland, 466 U.S. at 687-88, 104 S.Ct.  at 2064-65.  We overrule Issue Ten.

In Issue Five,
Appellant asserts that his conviction must be set aside because the prosecution
relied on testimony it knew to be false, or should have known was false.  Specifically, Appellant contends that the
testimony provided by Officer Obptande stating that
he questioned Mrs. Castañeda in English was
false.  The State contends that Appellant
did not preserve this issue for review. 
In addition, the State argues that Appellant did not meet his burden of
showing that his conviction was in fact obtained through the use of perjured
testimony, nor that this testimony was material in the case.

Appellant failed
to preserve this issue for review.  At
trial, Appellant made no objection that Officer Obptande=s testimony was false.  The issue is raised for the first time on
appeal.  Failure to object to false
testimony of witnesses at the trial court fails to preserve the issue for
appellate review.  See Haliburton v. State, 80 S.W.3d 309, 315 (Tex.App.--Fort Worth 2002, no pet.); Tex.R.App.P. 33.1.  Appellant=s
Issue Five is therefore overruled.

In Issue Nine,
Appellant argues that the failure of his trial attorney to file a timely
election requesting that the jury assess punishment resulted in a judgment and
a sentence which was not authorized by law. 
The State alleges that Appellant=s
claim is not supported by the record.  We
agree.








Article 37.07,
sec. 2(b) requires the trial judge to assess punishment unless the defendant
elects in writing before the commencement of the voir
dire examination of the jury panel for the same jury to assess punishment.  Tex.Code Crim.Proc.Ann.
art. 37.07, '
2(b)(Vernon Supp. 2004).  The record contains a request for jury
punishment signed by the Appellant on August 26, 2002.  This request was filed on August 28, 2002,
after the jury had assessed punishment. 
However the trial court judge made the following instructions to the
prospective jurors prior to voir dire:

We are here to select
a jury in this matter.  This is a
violation of a protective order, a criminal matter.  A jury will be empaneled
to decide the guilt or innocence of the defendant.  And if he should be convicted, it is in the
second phase of the trial, for the same jury, to determine the punishment.

 

Appellant=s
punishment was assessed by the jury. 
From these facts, we find no indication that Appellant=s trial attorney did not request a jury
to assess punishment in writing before the commencement of voir
dire.  As we understand Appellant=s argument, his trial attorney provided
ineffective assistance by failing to timely file a motion requesting the jury
to assess punishment.  However, we find
that Appellant=s trial
attorney was not deficient and his performance had no effect on the outcome of
the trial.  See Strickland, 466
U.S. at 687, 104 S.Ct. at 2054.  Issue Nine is overruled.

Finally, in Issue
Eleven, Appellant contends that the cumulative error attributable to his trial
counsel=s
ineffective assistance, warrants a new trial, or at
least a new punishment hearing.  Since we
have found no error on the record before the Court, Issue Eleven is overruled.

Accordingly, we
affirm the trial court=s
judgment.

 

 

March
11, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
In looking at the entire record and in the context of this case, the statement
made by the State=s
attorney while troublesome was permissible. 
However, under a different set of facts and circumstances, this
statement could easily have been found to have fallen outside the scope of the
four permissible areas of jury argument. 
See Borjan v. State,
787 S.W.2d 53, 56 (Tex.Crim.App. 1990); Ulloa v. State, 901 S.W.2d 507, 514-15 (Tex.App.--El Paso 1995, pet ref=d).  And if so, it could be viewed as manifestly
improper and harmful and grounds for reversal. 
As such, we strongly discourage such invitations.