**AFFIRMED and Opinion Filed December 13, 2019**



**In the**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00272-CR**
**No. 05-19-00273-CR**

**HOWARD HOLLAND, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 31608-422, 31609-422**

## OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Carlyle

Howard Holland appeals from the trial court's denial of his motions for DNA testing. In a single issue, he contends the trial court erred by determining he did not satisfy the requirements of article 64.03 of the Texas Code of Criminal Procedure. We affirm.

In 2013, Holland was indicted and charged with aggravated sexual assault in three separate cases, based on offenses committed against separate victims. Faced with the possibility of multiple convictions that could lead to consecutive sentences, Holland agreed to a plea deal in which he would plead guilty to one of the offenses while admitting his guilt as to the other two, with the understanding that—although those unadjudicated offenses would be considered in determining his sentence for the offense to which he pleaded guilty—he would not be prosecuted for the other two offenses. *See* TEX. PENAL CODE § 12.45(a). The trial court accepted Holland's guilty plea and,

after considering the two unadjudicated offenses, sentenced him to 40 years in prison. The charges in the unadjudicated cases were then dismissed. *See id.* § 12.45(c).

Holland alleges that, years later, he discovered there was physical evidence collected during the investigations into the unadjudicated offenses. He thus filed motions under Chapter 64 of the Texas Code of Criminal Procedure in both of the unadjudicated cases, asserting there was a substantial likelihood DNA testing would show he did not commit the offenses charged in *those cases*. He did not, however, file a motion in the case in which he was convicted. Nor did he seek to test the evidence gathered in connection with the offense of his conviction. The trial court denied Holland's motions, concluding both that it was not a "convicting court" and that Holland was not a "convicted person" for purposes of the unadjudicated cases in which the motions were filed. *See* TEX. CODE CRIM. PROC. art. 64.03(a).

We review the question of law here de novo. *Dunning v. State*, 572 S.W.3d 685, 692 (Tex. Crim. App. 2019). "A convicting court may order forensic DNA testing . . . only if," among other things, "identity was or is an issue in the case; and the convicted person establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing." CRIM. PROC. art. 64.03(a). The statute thus requires a connection between "the case," the "convicted person," and the evidence supporting the conviction. In other words, it allows for forensic testing only if the evidence at issue would likely prove the "convicted person" was not the perpetrator in "the case" in which that person was convicted.

Holland contends the trial court erred because the two unadjudicated offenses became part of the judgment of his conviction in the case in which he pleaded guilty. *See Woodard v. State*, 931 S.W.2d 747, 750 (Tex. App.—Waco 1996, no pet.); *Murray v. State*, 840 S.W.2d 675, 679 (Tex. App.—Tyler 1992, no pet.). He reasons that, because the unadjudicated offenses are now

part of the judgment of his conviction, he is a "convicted person" with respect to those offenses. He adds that the unadjudicated offenses affected both his decision to plead guilty and the sentence he received from the trial court.

We are bound by the language of the statute. *See Ex Parte Evans*, 964 S.W.2d 643, 646 (Tex. Crim. App. 1998). Chapter 64 does not provide for DNA testing merely because the evidence at issue might have affected an applicant's decision to plead guilty, the length of his sentence, or the items included in the judgment of his conviction. Rather, the statute unambiguously requires that, before testing can be ordered, the applicant must prove by a preponderance of the evidence that he "would not have been *convicted* if exculpatory results had been obtained through DNA testing." CRIM. PROC. art. 64.03(a) (emphasis added). Holland did not make that showing. Indeed, nothing in the record suggests the evidence gathered in connection with the unadjudicated cases, even if exculpatory as to those offenses, would have prevented Holland's conviction in the case in which he entered the guilty plea.

Perhaps the legislature should consider specifically providing that those who have had their sentences enhanced by unadjudicated offenses can test the evidence tying them to those offenses. Or perhaps the legislature considered and rejected including 12.45'd offenses within Chapter 64's purview. But Chapter 64, as it currently stands, does not accommodate the situation we face here.

We affirm the trial court's orders denying Holland's motions for DNA testing.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)
190272F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

HOWARD HOLLAND, Appellant

No. 05-19-00272-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 31608-422.
Opinion delivered by Justice Carlyle.
Justices Pedersen, III and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of December, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HOWARD HOLLAND, Appellant

No. 05-19-00273-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 31609-422.
Opinion delivered by Justice Carlyle. Justices Pedersen, III and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of December, 2019.