**Emi Gutierrez CONTRERAS,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–01124–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 9, 2001.

Brian W. Wice, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and LEE *.

## CORRECTED OPINION

FOWLER, Justice.

A jury found Emi Gutierrez Contreras ("appellant") guilty of the misdemeanor offense of driving while intoxicated ("DWI"). Appellant was fined $250.00 and sentenced to 100 days' confinement in the Harris County jail, probated for a period of one year. She appeals her conviction on six points of error. In her first two points of error, appellant contends that the trial court erred in not allowing her to make for-cause challenges to two venire-members. In her third through sixth points of error, appellant contends that the trial court's decision to allow the State to use peremptory strikes on two venire-members, after appellant lodged a *Batson* challenge against such strikes, was clearly erroneous under *Batson* and article 35.261 of the Texas Code of Criminal Procedure. We affirm.

## FACTUAL BACKGROUND

Before voir dire began, the trial judge admonished the lawyers that, "... if you get a challenge for cause, ... take it immediately rather than waiting until the end of voir dire." Both an attorney for the State and an attorney for the defense responded that they understood this admonishment.

During appellant's voir dire, two venire-members, Ramos and Rendon, made statements that gave the defense cause to strike them. Ramos averred that she would find a person guilty if fifty-one percent of the evidence was on the side of guilt. Rendon, a deputy in the Houston Police Department, stated that he would find a person guilty if the police had probable cause for arresting that person. Despite the trial court's instruction to make for-cause challenges when they become apparent, neither of appellant's trial counsel made a for-cause challenge at that time. Instead, the defense attorney conducting the voir dire did not make the challenge at all, while the other defense attorney made the challenge, but only after the voir dire had concluded. The court refused to entertain these strikes because appellant made them in an untimely manner with respect to the court's instruction.

Two of three of the State's peremptory strikes were used on veniremembers Henderson and Spencer. The defense

---

* Senior Justice Norman Lee sitting by assign-    ment.

challenged these strikes under *Batson* and article 35.261 of the Texas Code of Criminal Procedure. After the defense made its *Batson* challenge, the court asked the State to articulate its reasons for the strikes. As to Henderson, the State said that it struck him because he was a defense attorney. The State said that it struck Spencer because her brother had been convicted of DWI.

## DISCUSSION AND HOLDINGS

### A. For Cause Challenges to Veniremembers

■ In his first two points of error, appellant alleges that the trial court improperly failed to entertain his challenges for cause to veniremembers Ramos and Rendon. In this case, the trial court did not rule on appellant's actual challenges. Rather, because the challenges were made later than the parties and the court had agreed, the court refused to entertain the challenges when appellant made them. The record shows no confusion as to the agreement that challenges for cause were to be made when they became apparent, rather than at the conclusion of voir dire. The question is, did the trial court have discretion to do this? This is an issue of first impression in Texas. We hold that, under the circumstances of this case, the trial court did have such discretion.

Appellant argues, in her brief, that, "[article] 35.16 [of the Texas Code of Criminal Procedure,] which governs all challenges for cause, does not contain any requirement that challenges for cause must be made as soon as they become apparent." Thus, she argues without citing to any authority, "challenges for cause are timely made so long as they are leveled any time before the strike lists are turned in."

■ First, article 35.16 is specifically entitled, "Reasons for challenge for cause."

It does not purport to govern all aspects of challenges for cause, and in fact it does not. Therefore, the fact that article 35.16 says nothing with regard to *when* a challenge for cause must be made is of no moment. Second, it may generally be true that challenges for cause are timely made so long as they are leveled any time before the strike lists are turned in, as appellant argues. *See generally Zillender v. State,* 557 S.W.2d 515, 517 n. 1 (Tex.Crim.App. 1977); *Coleman v. State,* 481 S.W.2d 872, 874 (Tex.Crim.App.1972). However, as has been emphasized by the Court of Criminal Appeals in several decisions, "the conduct of voir dire rests within the sound discretion of the trial court, and only abuse of such discretion calls for reversal." *Powell v. State,* 897 S.W.2d 307, 311 (Tex. Crim.App.1994), *overruled on other grounds,* 3 S.W.3d 522, 532 (Tex.Crim.App. 1999); *Martinez v. State,* 867 S.W.2d 30, 35 (Tex.Crim.App.1993); *McCarter v. State,* 837 S.W.2d 117, 120 (Tex.Crim.App. 1992). Typically, these cases deal with a trial judge's discretion in limiting the questioning in voir dire. Neither appellant, nor the State, have cited us to any cases dealing with the trial court's ability to determine when, during voir dire, a challenge for cause must be made. Our research does not reveal a case on point. However, since determining when a challenge for cause should be made deals with the "conduct of voir dire," we hold that the abuse of discretion standard applies.

It is clear from the record that the parties agreed to make all challenges for cause as soon as such challenges became apparent. During its voir dire, the State adhered to this agreement. Appellant, however, did not adhere to this agreement. Instead of making her for-cause challenges as they became apparent, appellant made them at the conclusion of voir dire. Appellant's counsel at trial said he did not make

the challenges as they became apparent because he "did [not] want to interrupt [his co-counsel] during his voir dire." The court responded that he "should have made that objection at the time that the venire made those statements ... [o]r [his co-counsel] could certainly have made them at the time [of his voir dire]."

■ The right to question venire-members in order to intelligently exercise peremptory challenges is essential to the constitutional right to an impartial jury. *Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim.App.1998). However, how best to conduct voir dire remains a determination for the trial court. *Powell*, 897 S.W.2d at 311. Significantly, this determination of the trial court took the form of a clear and unambiguous agreement between the court and the parties. Where, as here, it is abundantly clear that the parties knew and understood when challenges for cause must be made, because they had agreed to make them at a certain time, the court does not abuse its discretion by refusing to entertain untimely challenges. *See Martinez*, 867 S.W.2d at 35 (citing *Barnard v. State*, 730 S.W.2d 703, 715 (Tex.Crim.App. 1987)). In addition, although this may not be the usual way of conducting voir dire, when both parties are required to make their objections immediately, we can see no prejudicial impact to one party over the other; neither has an advantage or disadvantage over the other. Appellant's first and second points of error are overruled.

### B. *Batson* & Article 35.261

In her third through sixth points of error, appellant contends that the trial court erred in overruling her *Batson* motion. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Appellant asserts in these points of error that the State exercised two peremptory challenges against two black veniremembers, Isaac

Henderson and Clara Spencer, in a racially discriminatory manner and in violation of *Batson* and article 35.261 of the Texas Code of Criminal Procedure.

■ Under *Batson*, the opponent of a peremptory challenge must first make a prima facie case of racial discrimination. *Purkett v. Elem*, 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). Next, the burden shifts to the proponent of the strike to provide a race-neutral explanation for the strike. *Id.* If the State articulates a race-neutral explanation, the defendant is given an opportunity to respond since the defendant has the ultimate burden of proving purposeful discrimination. *Id.* at 766–67, 115 S.Ct. 1769. Finally, the trial judge must determine whether the defendant met that burden. *Id.*

■ A trial court's decision on a *Batson* challenge is akin to a finding of fact which is accorded great deference on appeal. *Hernandez v. New York*, 500 U.S. 352, 365–69, 111 S.Ct. 1859, 114 L.Ed.2d 395; *Adanandus v. State*, 866 S.W.2d 210, 224 (Tex.Crim.App.1993). Therefore, we apply a clearly erroneous standard of review to the trial court's decision. *Hernandez*, 500 U.S. at 365–69, 111 S.Ct. 1859; *Adanandus*, 866 S.W.2d at 224. A trial judge's ruling which is supported by the record is never clearly erroneous. *See generally Vargas v. State*, 838 S.W.2d 552, 554 (Tex.Crim.App.1992).

The Texas Court of Criminal Appeals has set out a non-exclusive list of factors to consider when reviewing a trial judge's ruling on a *Batson* challenge. *Williams v. State*, 804 S.W.2d 95, 106 (Tex.Crim.App. 1991); *Whitsey v. State*, 796 S.W.2d 707, 713–14 (Tex.Crim.App.1989). Those include:

1. The reason given for the peremptory challenge is not related to the facts of the case;

■ 2. There was a lack of questioning to the challenged juror or a lack of meaningful questions;

3. Disparate treatment—persons with the same or similar characteristics as the challenged juror were not struck;

4. Disparate examination of members of the venire, i.e., questioning a challenged juror so as to evoke a certain response without asking the same question of other panel members; and

5. An explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically.

*Williams,* 804 S.W.2d at 106 (Tex.Crim. App.1991); *Whitsey,* 796 S.W.2d at 713–14 (Tex.Crim.App.1989). A reversal is mandated only if a review of the voir dire record, the State's explanations, the composition of the jury panel, and the appellant's rebuttal and impeachment evidence result in a definite and firm conviction that the trial court erred. *Vargas v. State,* 838 S.W.2d 552, 554 (Tex.Crim.App.1992); *Tate v. State,* 939 S.W.2d 738, 744 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd).

■ First, in this case whether a prima facie case was made is moot because the prosecutor offered explanations for striking the contested veniremembers, and the trial judge ruled on the ultimate question of intentional discrimination. *Staley v. State,* 887 S.W.2d 885, 897 (Tex.Crim.App. 1994); *Malone v. State,* 939 S.W.2d 782, 783 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

■ Next, we turn to whether the proponent of the strike, the State, offered a race-neutral explanation for the strike. In *Purkett,* the Supreme Court held that, "the second step ... does not demand an explanation that is persuasive, or even plausible. [Instead], 'the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race[-]neutral.'" *Purkett,* 514 U.S. at 766–67, 115 S.Ct. 1769. Put another way, the race-neutral explanation does not have to make sense, it just cannot be racially discriminatory. *Id.* at 767–69, 115 S.Ct. 1769.

As to Isaac Henderson, the State said it struck him because he was a criminal defense attorney. Though Henderson stated he is currently a Baptist minister, he did state that he practiced law in the past and that he did some criminal defense work, so this reason is clearly supported by the record. In fact, the record reveals that the State struck Mr. Henderson and Ms. Blanding, the only two attorneys within the first thirteen veniremembers.

Appellant argues that Henderson's other voir dire responses indicated that he would have been a suitable juror. Appellant also alleges that because the State did not further examine Henderson after he revealed he had been a criminal defense attorney, we should find that his reason to strike Henderson was pre-textual. We disagree. The fact that Henderson was an attorney was revealed during appellant's voir dire. The State did not conduct any voir dire after appellant completed hers. The State struck both attorneys within the first thirteen veniremembers, but did not ask either one any rehabilitating questions. As a result, we find that the explanation that Henderson was struck because of his former occupation was race-neutral. Furthermore, we hold that the trial court's decision to allow the State's strike against Henderson was supported by the record, and, therefore, was not clearly erroneous. Appellant's third and fourth points of error are overruled.

As to Clara Spencer, the State gave the race-neutral explanation that it struck her

because her brother had been convicted of DWI.[1] Appellant argues that this strike was racially biased in violation of *Batson*. To support this argument, appellant contends for the first time on appeal that the record reveals that the State did not strike Cathryn King, whose sister had also been convicted of DWI. Unfortunately, the ethnicity of King is not in the record, and we cannot assume a fact that is not in the record. *State v. Farris*, 935 S.W.2d 168, 171 (Tex.App.—Amarillo 1996, no pet.). However, we note that in her offer of proof, appellant stated, "the State did exercise two out of its three pre-emplary [sic] challenges to remove the only two black veniremembers within the strike zone." This assertion went uncontradicted by the State, and thus constituted valid proof that King was not black. *Emerson v. State*, 820 S.W.2d 802, 804 (Tex.Crim. App.1991). Although, we still do not know King's exact ethnicity, for the reason above, we will assume Ms. King was not black.

On appeal, appellant contends that a non-minority, but similarly situated veniremember was not struck by the State. This argument may be made for the first time on appeal. *Vargas v. State*, 838 S.W.2d 552, 557 (Tex.Crim.App.1992); *Young v. State*, 826 S.W.2d 141, 146 (Tex.Crim.App. 1991); *Spears v. State*, 902 S.W.2d 512, 516 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *Ramirez v. State*, 862 S.W.2d 648, 651 (Tex.App.—Dallas 1993) *opinion on remand. But see Roberts v. State*, 963 S.W.2d 894, 900 n. 1 (Tex.App.—Texarkana 1998, no pet.).

Disparate treatment cannot automatically be imputed in every situation where one of the State's reasons for striking a veniremember would technically apply to another veniremember whom the State found ac-

ceptable. *Spears v. State*, 902 S.W.2d 512, 519 (Tex.App.—Houston [1st Dist.] 1994, no pet). While veniremembers Spencer, whom the State struck, and King, whom the State did not strike, similarly answered questions about relatives with DWI convictions, we do not find that disparate treatment existed solely because of race. For one thing, the State had used all of its peremptory strikes before reaching King on the jury list.

The ultimate burden of proving that the State exercised its peremptory challenges in violation of *Batson*, rests with the opponent of the strike. *Purkett v. Elem*, 514 U.S. 765, 767-69, 115 S.Ct.1769. Here appellant did not meet her burden to show that the State's race-neutral reason for striking Spencer was pretextual. As a result, we find that the court's ruling was not clearly erroneous. Appellant's fifth and sixth points of error are overruled.

The decision of the trial court is affirmed.

---

**1.** The record reveals that Spencer said her brother had been convicted of driving under the influence ("DUI"), rather than DWI.