Affirmed and Memorandum Opinion filed January 17, 2006









Affirmed and Memorandum Opinion filed January 17,
2006.

 




 
 
 
 
 
 
 




 

 

 

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00592-CR

____________

 

BARRINGTON THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal
Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1220382

 



 

M E M O R A N D U M   O P I N I O N








A jury convicted appellant, Barrington
Thompson, of driving while intoxicated.  See
Tex. Pen. Code Ann. ' 49.04 (Vernon
2003).  Appellant entered into an agreed
plea bargain as to punishment only for 50 days= confinement in
Harris County Jail and suspension of his driver=s license for one
year.  In his first three issues,
appellant contends the trial court committed reversible error when it (1)
failed to discharge the jury panel under Batson v. Kentucky, (2)
excluded evidence that would establish bias of a key State=s witness, and (3)
prevented appellant from calling a witness, based on the State=s coercion of that
witness.  In points of error four and
five, Appellant contends the evidence is legally and factually insufficient to
prove appellant lost the normal use of his mental or physical faculties at the
time he was operating a motor vehicle. 
We affirm.  

Factual and
Procedural Background

On February 17, 2004, Officer Roy Haney of
the Houston Police Department observed appellant back a red car out of a
parking space of a nightclub into a black Camero.  Officer Haney observed appellant shrug his
shoulders, as if to say, AOh well@ and start to
drive away.  Officer Haney believed
appellant was attempting to leave the scene of an accident, so he exited his
vehicle and attempted to stop appellant. 
Appellant attempted to drive around Officer Haney but finally stopped
when Officer Haney waived a flashlight at appellant.  Appellant=s passenger in the
red car was Ovide Duncantell.

Officer Haney asked appellant to go with
him inside the nightclub and find the owner of the black Camero, and appellant
cooperated with this request.  After
locating the owner of the vehicle, Tracy Hudson, Officer Haney began to process
the scene as an accident investigation until appellant refused to give the
officer his identification and became belligerent.  When asked for his identification, appellant
said, AI=m not giving you a
mother fCn= thing.@  Until this time, Officer Haney kept his
distance from appellant, as he would have done with anyone else, for his own
safety.  When he moved closer to
appellant, Officer Haney observed a strong odor of alcohol and bloodshot eyes
on appellant.  Appellant was getting out
of control, so Officer Haney placed him in the back seat of the patrol
vehicle.  Appellant continued to be belligerent
and curse at Officer Haney, even after a supervisor arrived at the scene to
assist.  

Tracy Hudson did not testify whether she
thought appellant was intoxicated, but she did testify appellant was not
cooperative, and she felt something was wrong with appellant.  After continued efforts to get appellant to
cooperate, Officer Haney concluded appellant was intoxicated and transported
him to the Southeast Intox Facility.








Officer Robert Narvaez of the DWI Task
Force took custody of appellant at the police station.  Appellant initially agreed to submit to a
breath test, but asked to use the restroom first.  Officer Narvaez directed appellant to the men=s restroom, but
appellant entered the women=s restroom
instead.  After returning, he refused to
submit to a breath test.  Appellant later
changed his mind again.  At this point,
though, appellant had already signed the statutory warning, and Officer Narvaez
would not administer the test because it might look like appellant was being
coerced. 

A third officer, Officer John Miller,
administered a field sobriety test on appellant.  Officer Miller administered the Romberg test,
the walk and turn test, the finger to nose test, and the modified alphabet
test.  The State admitted into evidence a
videotape of the tests and played it for the jury.  Officer Miller testified the results of the
tests were that appellant was impaired. 
He also detected a strong odor of alcoholic beverage on appellant=s breath, and
observed appellant had glassy and bloodshot eyes. 

Appellant attempted to have his passenger,
Ovide Duncantell, testify about his observations on February 17, 2004,
including Duncantell=s own criminal charges resulting from the
same events.  The trial judge refused to
allow testimony about Duncantell=s charges because
the prosecutor was going to refile those charges against Duncantell.[1]  Over personal objection by appellant,
himself, the defense rested without putting on any witnesses.  After hearing the evidence, the jury found
appellant guilty of driving while intoxicated. 


Discussion

I.                   
Batson Challenge








In his first point of error,
appellant contends the trial court committed reversible error when it failed to
discharge the jury panel under Batson v. Kentucky, 476 U.S. 79, 106 S.
Ct. 1712 (1986).  Specifically, appellant
argues the State discharged veniremember ten because of race.  In Batson, the moving party must first
make a prima facie case showing the striking party exercised its peremptory
challenge on the basis of race.  Purkett
v. Elem, 514 U.S. 765, 767, 115 S. Ct. 1769, 1770 (1995); Contreras v.
State, 56 S.W.3d 274, 278 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d);
see also Tex. Code Crim. Proc.
Ann.  art. 35.261 (Vernon
1989).  The burden then shifts to the
striking party to provide a race-neutral explanation for the strike.  Purkett, 514 U.S. at 767, 115 S. Ct.
at 1770.  If the state articulates a
race-neutral explanation, the moving party is given an opportunity to respond,
since that party has the ultimate burden of proving purposeful discrimination.  Id.; Wamget v. State, 67 S.W.3d
851, 858 (Tex. Crim. App. 2001). 
Finally, the trial court must determine whether the moving party met the
burden of purposeful discrimination.  Purkett,
514 U.S. at 767, 115 S. Ct. at 1770B71.  The best evidence will often be the demeanor
of the attorney who exercises the strike. 
Hernandez v. New York, 500 U.S. 352,  365, 111 S. Ct. 1859, 1869 (1991).  We apply a clearly erroneous standard of
review to the trial court=s
decision and will reverse only if we are left with a definite and firm
conviction  an error  has been committed.  Hill v. State, 827 S.W.2d 860, 865B66 (Tex. Crim. App. 1992); Contreras,
56 S.W.3d at 278.

When a prosecutor, as in
this case, articulates the reasons for the peremptory challenge without
prompting from the trial court, and the trial court rules on the ultimate
question of discrimination, whether appellant met his burden in the first step
to establish a prima facie case of racial discrimination becomes moot.  Hill, 827 S.W.2d at 865; Contreras,
56 S.W.3d at 279.  Without prompting by
the trial court, the State offered two reasons for striking the venire member:
(1) he had previously been on a jury panel with a hung jury and (2) at the time
of this trial he had a friend with an ongoing DWI case in Harris County.  The trial court ruled in favor of the
State.  








When the State gives  a 
race-neutral explanation, the issue becomes the facial validity of the
explanation, and unless a discriminatory intent is inherent in that
explanation, the reason offered will be deemed race-neutral.  Guzman v. State, 85 S.W.3d 242, 246
(Tex. Crim. App. 2002) (citing Purkett, 514 U.S. at 768, 115 S. Ct. at
1771).  In this case, the State=s explanation contained no inherent
discriminatory intent.  Thus, the next
step requiring appellant to carry the burden and prove purposeful
discrimination becomes the relevant step. 
Id.  Here, defense counsel
asked to see the prosecutor=s
notes, and after reviewing them, defense counsel responded, AIndicates that there is a reason for
her strike other than purpose for discrimination [sic].@  After the burden shifted back to appellant,
he never made any argument to the court to refute the State=s race-neutral explanation.  In fact, he acknowledged those explanations
were for a reason other than purposeful discrimination.  Therefore, he did not meet his burden of
establishing purposeful discrimination underlying the State=s peremptory strike of veniremember 10.
            Accordingly, we overrule
appellant=s first
point of error.

II.                
Exclusion of Evidence

In his second point of
error, appellant contends the trial court committed reversible error when it
excluded testimony purportedly demonstrating bias of a key State=s witness.  Appellant argues on appeal he wanted to
question Officer Haney about the circumstances surrounding Duncantell=s arrest arising from the same events
as appellant=s arrest
and about subsequent dismissal of the charges against Duncantell.  Appellant offered this testimony to show bias
towards appellant and contribute to appellant=s
defense that appellant=s
belligerent attitude alone was the basis for Officer Haney=s decision to arrest appellant.  We review the trial court=s decision to limit defendant=s cross-examination for abuse of
discretion.  See Love v. State,
861 S.W.2d 899, 903 (Tex. Crim. App. 1993). 









Exposing a witness=s motivations is an important purpose
of cross-examination.  Carpenter v.
State, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998).  A trial court allows a defendant great
latitude to show any fact that would tend to establish ill feeling, bias,
motive and animus on the part of the witness testifying against him.  Hurd v. State, 725 S.W.2d 249, 252
(Tex. Crim. App. 1987).  Although our
legal system highly regards the right to cross-examine witnesses, a party must
preserve error for appellate review.  See
Love, 861 S.W.2d at 900B01.  A party must object and obtain a ruling from
the trial court, or object to the trial court=s
refusal to rule.  Tex. R. App. P. 33.1. 
A party must also make an offer of proof to establish the substance of
the excluded evidence. Castillo v. State, 939 S.W.2d 754, 758 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d). 
An informal bill will suffice as an offer of proof when it includes a
concise statement or summary of counsel=s
belief of what the testimony will show.  Love,
861 S.W.2d at 901.  The rules do not
require appellant to show the cross-examination would have affirmatively
established the facts sought, but at a minimum, on what subject matter he
desired to cross-examine the witness.  Koehler
v. State, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984); Stults v. State,
23 S.W.3d 198, 204 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d);
see Tex. R. Evid. 103(a)(1),
(2).    

During Officer Haney=s cross-examination, the record shows
defense counsel was questioning him about a second charge against appellant,
which was subsequently dismissed.  The
prosecutor objected, and while in a bench conference, the judge overruled the
objection and allowed defense counsel to continue questioning the officer about
the second charge against appellant.  The
following exchange also took place during that same bench conference. 

The Court:                    So
we got a couple of issues now.  We got
what to do about the [failure to stop and give information] and what to do
about this other guy [Duncantell] is getting a case somewhere as we said before
[sic].  Didn=t
you tell me earlier that the other guy in the car got a resisting.

Prosecutor:                   Uh-huh.


The Court:                    So far I haven=t heard anything that leads us to get
involved with that at all.  So right now
we=re not going into that in any shape or
form because I just don=t
know what that has to do with Mr. Thompson=s
DWI.  

Defense Counsel:          I=m
trying to resist [sic] that testimony only to the observation of the DWI, yes,
Your Honor. 








The Court:                    And
we=re doing very well with that.  I mean, there hasn=t
been one word about that and I=m
happy with that and that=s
how we=re going
to stay . . . . 

The only statement by
defense counsel in this exchange is not sufficient to preserve error.  See Tex.
R. Evid. 103(a)(1), (2); Tex. R.
App. P. 33.1(a).  Defense counsel
speaks of trying to Aresist
that testimony,@ which by
this exchange could only mean testimony about Duncantell=s
arrest.  Defense counsel=s statement does not disagree with the
trial judge=s ruling
to refrain from testimony about Duncantell=s
arrest, and therefore defense counsel did not properly object.  See Tex.
R. App. P. 33.1(a).  Defense
counsel=s
statement during the bench conference was also insufficient to preserve a
record for appeal because he failed show what his cross-examination of Officer
Haney would reveal.  See Tex. R. Evid. 103(a)(1), (2).  Defense counsel failed to preserve this
issue for appeal.  Therefore, we overrule
appellant=s second
point of error.

III.              
Exclusion of Witness








In his third point of error,
appellant contends he was denied his constitutional right to call witnesses in
his defense when the State coerced a key defense witness by announcing they
would refile a previously dismissed charge against the witness.  The State contends appellant failed to
preserve error on this point.  Appellant
cites Webb v. Texas for the proposition that a defendant possesses the
fundamental right to have compelled testimony heard in court by the trier of
fact and therefore he is not required to object to preserve error for appellate
review.  409 U.S. 95, 98, 93 S. Ct. 351,
353 (1972).  Appellant is correct that
under certain circumstances, a defendant=s
due process rights may be infringed by threats or intimidation that dissuade a
witness to testify.  See id. at 98
(holding fundamental right was violated when trial judge=s
emphatic remarks prevented a witness from testifying).  However, as discussed below, we find Webb
inapplicable to the facts of this case. 
Thus, if appellant made no objection followed by an offer of proof, he
preserved nothing for the appellate court to consider.  Tex.
R. App. P. 33.1; see Haliburton v. State, 80 S.W.3d 309, 315
(Tex. App.CFort
Worth 2002, no pet.).

When Duncantell entered the
courtroom to testify for the defense, the judge made him aware the State might
refile charges against him for actions arising from the same events as
appellant=s
charge.  The trial court offered to
provide him with an attorney to help him decide whether he should testify, and
Duncantell consulted with that attorney. 
Afterwards, Duncantell stated he still wished to testify.  At that point, the following exchange took
place. 

Defense Counsel:                      Judge,
it=s my understanding that your ruling is
that we cannot go into any charges.  

The Court:                                Against,
Mr. Duncantell.  How are they relevant?

Defense Counsel:                      Well,
I understand the relevancy issue, but then I am limited to only B

The Court:                                To
the issue of Mr. Thompson=s
intoxication. 

Defense Counsel:                      Limited
to what Mr. Thompson B
what Mr. Duncantell observed of Mr. Thompson. 

The Court:                                Well,
if he was there that night.

Defense Counsel:                      And
at that point of when it came to when he was arrested I am not able to go into
that. 

The Court:                                No,
we=re not going into his arrest >cause we=re
not trying his case. 

Duncantell=s
Counsel:    That case was dismissed any
way. 

The Court:                                Plus,
I don=t think
that we should be asking him questions about a case that may be refiled against
him; though, he does have a lawyer here; but this isn=t
his trial.  Why would we get off on that?

Defense Counsel:                      I
clearly understand that and for the benefit of the record, I clearly understand
that, yes.

The court then went off the
record, and after it came back on the record, the defense rested and declined
to put on any additional witnesses. 








To present a complaint for
appellate review, the record must show a party made a complaint to the trial
court that stated the grounds for the ruling sought, unless the specific
grounds were apparent from the context.  Tex. R. App. P. 33.1(a)(1)(A).  Here, the exchange between the court and
defense counsel concerned charges against Duncantell, which the court
excluded.  Defense counsel seems to be
clarifying the court=s
ruling, but he does not clearly object to that ruling or state any grounds for
the objection.   

Even if the exchange between
the court and defense counsel could be considered a proper objection, defense
counsel did not make a record of what Duncantell=s
testimony would have been had he actually testified, and therefore, nothing is
preserved for this court to review.  See
Haliburton, 80 S.W.3d at 315.  In Haliburton,
the defendant called the other occupant of his vehicle to testify about the
circumstances of the defendant=s
arrest.  Id. at 314B15. 
That other occupant had been charged with robbery in an incident
occurring right before appellant=s
arrest.  Id. at 312 n.1.  The witness invoked his Fifth Amendment
privilege after consulting with his attorney, and on appeal, the defendant
claimed the trial court convinced the witness not to testify.  Id. at 315.  However, the appellate court was unable to
review the circumstances of that allegation because the defendant preserved
nothing for review.  Id.  

In this case, defense
counsel had multiple opportunities to make an offer of proof to the trial court
and  make 
a record  of  the information that would have been elicited
if defense counsel were allowed to go into that testimony.  The record does not indicate Duncantell was
intimidated into not testifying by the charges against him.  Cf. Webb, 409 U.S. at 98, 93 S. Ct. at
353 (holding trial judge=s
remarks may violate the fundamental right to present a defense by intimidating
a defense witness into not testifying). 
In fact, Duncantell stated he wished to testify, even after conferring
with his attorney and subsequently learning the charges would be refiled
regardless of whether or not he testified. 
Accordingly, we hold appellant failed to preserve this error for
review.  See Tex. R. App. P. 33.1(a).  








Even if appellant successfully
preserved this issue for review, the record before this court does not show any
coercion on the part of the State to pressure Duncantell into not
testifying.  Appellant cites Webb v.
Texas and argues the State=s
decision to refile the charges against Duncantell had the effect of punishing
him for testifying for the appellant, which resulted in appellant=s inability to present a defense.  However, that assertion is not what the
record shows.  Duncantell never claimed
his Fifth Amendment right or chose not to testify.  In fact, he wanted to testify.  It was defense counsel=s
decision not to call him as a witness.

For these reasons, we
overrule appellant=s third
point of error.

IV.             
Legal and Factual Sufficiency of the Evidence

In his fourth and fifth
points of error, appellant contends the evidence is legally and factually
insufficient to support a finding appellant lost the normal use of his mental
or physical faculties at the time he operated a motor vehicle.  The State charged appellant with  driving while intoxicated.  Appellant committed this offense if the State
proved beyond a reasonable doubt that he was intoxicated while operating a
motor vehicle in a public place.  See Tex. Pen. Code Ann. ' 49.04(a) (Vernon 2003).  Intoxicated means Anot
having the normal use of mental or physical faculties by reason of the
introduction of alcohol . . . into the body.@  See id. 49.01(2)(a).

A.                
Standard of Review








In a legal sufficiency
review, we view all the evidence in the light most favorable to the verdict and
then determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Salinas v. State, 163 S.W.3d 734, 737
(Tex. Crim. App. 2005).  The jury, as the
sole judge of the credibility of the witnesses, chooses whether or not to
believe all or part of a witness=s
testimony.  Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). 
We do not engage in a second evaluation of the weight and credibility of
the evidence, but only ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d). 
Thus, if there is evidence establishing guilt beyond a reasonable doubt,
we are not authorized to reverse the judgment on legal sufficiency of the
evidence grounds.  Id.

In a factual sufficiency
review, we consider all the evidence in a neutral light and determine whether a
jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  The evidence may
be factually insufficient in two ways.  Id.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, when the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable doubt standard could not have been met.  Id. at 484B85.  Our evaluation of the evidence should not
intrude upon the fact-finder=s
role as the sole judge of the weight and credibility of the evidence.  Cain v. State, 958 S.W.2d 404, 408B09 (Tex. Crim. App. 1997).  In conducting a factual sufficiency review,
we must discuss the evidence appellant claims is most important in allegedly
undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

B.                
Analysis

The jury considered the
following evidence:

-           Officer
Haney=s
observation of a red vehicle, driven  by
appellant, backing out of a parking space and hitting a black Camero;

-           Officer
Haney=s
testimony about his observations of appellant=s
hot and cold demeanor, strong smell of alcohol on appellant=s breath, and appellant=s red glassy eyes;

-           Officer
Navarez=s
testimony about his observations of the odor of alcoholic beverage on appellant=s breath, red bloodshot eyes and slurred
speech, as well as his observations of appellant going into the women=s restroom instead of the men=s; and

-           Officer
Miller=s
testified about the results of appellant=s
field sobriety tests, his conclusion appellant was impaired, the strong odor of
alcoholic beverage on appellant=s
breath, and appellant=s
glassy, bloodshot eyes.  








The jury also viewed the
video of the field sobriety tests administered by Officer Miller.  Those tests included the Romberg test, walk
and turn test, finger to nose touch test, and the modified alphabet test.  In the video, the jury saw (1) appellant
swaying during the Romberg test, when he was required to hold his head back for
30 seconds and (2) appellant appearing unable to read a portion of the Miranda
warnings posted on the wall when prompted to do so by Officer Miller. Appellant
points to evidence in the record to show Officer Haney did not believe
appellant was intoxicated at the time he was driving.  First, appellant stopped his vehicle and
exited without any apparent difficulty.  

Second, Officer Haney
presided over the exchanging of information between appellant and the driver of
the black Camero.  Officer Haney did
preside over the exchanging of information, but no information was exchanged by
appellant.  Appellant refused to give his
identification.  At this time appellant
started cursing at Officer Haney, requiring Officer Haney to stand closer to
appellant, when the signs of intoxication became more readily observable.  

Third, Officer Haney
arrested appellant after appellant had become belligerent, not before.  Appellant argues it was not until appellant
became belligerent that Officer Haney decided appellant was intoxicated.  However, this court and others have found a
defendant=s attitude
is some evidence of intoxication.  See
Markey v. State, 996 S.W.2d 226, 230 (Tex. App.CHouston
[14th Dist.] 1999, no pet.) (holding evidence of cursing, a loud voice, glassy
eyes, and the smell of alcohol, along with other evidence, sufficient to permit
jury to rationally conclude appellant was intoxicated); Reagan v. State,
968 S.W.2d 571, 573 (Tex. App.CTexarkana
1998, pet. ref=d)
(holding the demeanor of defendant, when he called police officer obscene
names, was among the evidence considered by the jury in returning a guilty
verdict for driving while intoxicated).  









Finally, appellant argues
the time lapse between when Officer Haney first stopped appellant and the time
he decided appellant was intoxicated does not support the finding appellant was
intoxicated at the time appellant operated the motor vehicle.  According to the record, Officer Haney
observed appellant back into the black Camero around 11:20 P.M., and police
brought appellant into the police station around 12:46 A.M.  Appellant appears to argue evidence of
intoxication around 12:46 A.M. does not mean appellant was intoxicated
approximately an hour and a half earlier. 
Theoretically, this is possible, but the record contains no evidence
supporting this theory.  The record
contains no evidence about when appellant had his last drink, what he ate
before or while drinking alcohol, or what appellant=s
mental or physical faculties were at or before the time he drove a
vehicle.  See Letner v. State, 138
S.W.3d 539, 541B42 (Tex.
App.CBeaumont
2004, no pet.) (overruling a factual insufficiency argument when presented with
the possibility defendant became intoxicated only after driving
in light of other overwhelming evidence of guilt).  The evidence in the record does include
Officer Haney=s
observations at the scene of appellant=s
arrest, and the credibility and weight of his testimony rests with the trier of
fact.  See Cain, 958 S.W.2d at 408B09.

After reviewing this
evidence, the record reveals nothing to suggest the jury=s
resolution of the testimony was not reasonable. 
Id. at 410.  Viewing all
the evidence in the light most favorable to the verdict, we find a rational
trier of fact could have found appellant did not have the normal use of his
mental or physical faculties at the time he operated a motor vehicle.  Therefore, the evidence is legally sufficient
to find appellant guilty of driving while intoxicated.  We overrule appellant=s
fourth point of error.  Viewing the same
evidence in a neutral light, we conclude the evidence supporting the verdict
was not too weak to support the verdict beyond a reasonable doubt and the
contrary evidence was not so strong that the beyond-a-reasonable doubt standard
could not have been met.  Therefore, the
evidence is factually sufficient to find appellant guilty of driving while
intoxicated.  We overrule appellant=s fifth point of error.








Conclusion

Having considered and
overruled each of appellant=s
five points of error on appeal, we affirm the judgment of the trial court.               

 

 

 

John S. Anderson

Justice

 

 

Judgment rendered and Memorandum Opinion filed January 17, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and
Anderson.

Do Not Publish C
Tex. R. App. P. 47.2(b).                                                    











[1]  Duncantell
told the trial court he was willing to testify regardless of the presence or
absence of new charges.