**Jerry Tyrone HALIBURTON, a/k/a Jerry Tyrone Hasty, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–00–003–CR.**

Court of Appeals of Texas, Fort Worth.

July 3, 2002.

Clyde M. Marshall, Fort Worth, for Appellant.

Tim Curry, Dist. Atty., Charles M. Mallin, Chief Appellate Asst., Dist. Atty., Michael R. Casillas, Trey Loftin, & Edward Lasater, Asst. Dist. Atty's, Fort Worth, for Appellee.

PANEL B: DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

SAM J. DAY, Justice.

We withdraw our opinion of June 6, 2002, and substitute the following in its place solely to make nonsubstantive changes. We leave our judgment dated June 6, 2002, unchanged.

Appellant Jerry Tyrone Haliburton, a/k/a Jerry Tyrone Hasty, was convicted by a jury of resisting arrest. In eight points on appeal, Appellant contends that the trial court erred in: (1) refusing to dismiss the case; (2) requiring Appellant to elect to be tried under a name different from the one under which he was indicted; (3) allowing evidence to be introduced showing Appellant's two companions committed a robbery; (4) preventing one of the companions from testifying about the circumstances of the arrest; (5) allowing allegedly false testimony; (6) denying Appellant's motion for mistrial; and (7) charging the jury to find Appellant guilty upon a finding that he used force against a police officer when there was no evidence that Appellant forcefully touched any police officer. We affirm.

### BACKGROUND

On April 13, 1999, Fort Worth police officers stopped the car Appellant was driving after employees of Sears reported a robbery involving Appellant's two passengers.[1] The officers involved in the ar-

---

1. It was alleged that Appellant's two passengers had stolen clothes from the Sears Department Store. While we acknowledge that theft and robbery are two different offenses under the penal code, according to the off-duty sheriff's deputy who testified about the incident at Sears, Jon Platt, one of the two passengers in Appellant's car, struck him in the face as he fled the store, thus elevating what would otherwise have been a theft, steal-

rest and Appellant recounted differing versions of what occurred after the stop. According to the officers, Appellant refused to extend his hands and get out of the car when repeatedly told to do so. After Appellant finally did begin to exit the vehicle, he failed to show his hands and refused to lie down on the ground as ordered. When Appellant began to move towards the front of his car, Officer Stephen Enright, who testified that he felt he was being dared to act, tackled and attempted to handcuff Appellant. Appellant responded by rolling to his side and kicking at Officer Enright with his feet. According to Officer Enright, Appellant's kicks never met their mark.

Appellant testified that he never refused to show his hands and that he immediately exited his car with his hands up. He also claimed that he did not attempt to move towards the front of his car and that he was tackled before being given an opportunity to lie on the ground. He testified that the officers lied under oath when they said he kicked at Officer Enright. He also claimed to have been brutally beaten by several officers.

### "Kicking At" as Force

Appellant complains of the indictment and jury charge in his first and eighth points. According to Appellant, the trial court erred in refusing to dismiss the case and in instructing the jury that it must convict if it found that Appellant "kicked at" Officer Enright because, as a matter of law, "kicking at" does not constitute using force.

A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest by using force against the peace officer. Tex. Penal Code Ann. § 38.03(a) (Vernon 1994). The penal code does not define force. Nor does a review of the case law construing section 38.03(a) provide us with any better guidance on interpreting what constitutes the use of force. See *Thompson v. State,* 987 S.W.2d 64, 64–65 (Tex.Crim.App.1999) (recognizing a conflict among the courts of appeals concerning what conduct constitutes the use of force in resisting an arrest) (Keller, J., dissenting on denial of pet.). Further, none of the cases construing "force" as used in section 38.03(a) involves facts analogous to those with which we are presented. See *Washington v. State,* 525 S.W.2d 189, 190 (Tex.Crim.App. 1975) (shaking off an officer's detaining grip does not constitute the use of force, but dragging an officer in an attempt to escape does); *Bryant v. State,* 923 S.W.2d 199, 207 (Tex.App.-Waco 1996, pet. ref'd) (pulling one's arm in an attempt to shake off an officer's detaining grip could amount to force against that officer); *Leos v. State,* 880 S.W.2d 180, 184 (Tex.App.-Corpus Christi 1994, no pet.) (trying to flee does not involve sufficient force); *Mayfield v. State,* 758 S.W.2d 371, 373 (Tex.App.-Amarillo 1988, no pet.) (using elbows and shoulder to shove arresting officer out of moving car is sufficient force).

 Thus, we are left to determine as an issue of first impression whether "kicking at" is sufficient to constitute force under the resisting-arrest statute. We agree with the State that a person can

---

ing a pair of shorts, to a robbery. *Compare* Tex. Penal Code Ann. § 31.03 (Vernon Supp. 2002) *with Id.* § 29.02(a) (Vernon 1994) (defining robbery as a theft in which a person intentionally, knowingly, or recklessly causes bodily injury to another in order to maintain control over stolen property). Because this distinction is irrelevant to the outcome of this case, we will accept the off-duty sheriff's deputy's statement of the events of the evening and refer to the initial offense as robbery for purposes of consistency and clarity.

forcefully resist an arrest without successfully making physical contact with the one making the arrest. Black's Law Dictionary defines force as "[p]ower dynamically considered, that is, in motion or in action; constraining power, compulsion; strength directed to an end." BLACK'S LAW DICTIONARY 330 (5th ed.1983). "Kicking at" clearly constitutes both power in action and strength directed to an end. Moreover, we have located no authority that would support rewarding a suspect for an arresting officer's agility at evading assaultive behavior. Thus, we hold that "kicking at" does constitute the use of force required under section 38.03(a). The trial court did not err in refusing to dismiss the case because the information characterized the force used as "kicking at" and did not err in instructing the jury that it could convict if it found that Appellant "kicked at" Officer Enright. Appellant's first and eighth points are overruled.

## ASSUMED NAME

■ Appellant's second point complains of the trial court's "virtually compelling the defendant, before the jury, to tell the jury and elect to be tried as Jerry Tyrone Hasty, rather than Jerry Tyrone Haliburton."[2] Appellant argues that the election prejudiced his right to a fair trial because it implied that he was concealing his identity. The record reflects that the trial court gave Appellant the opportunity to clarify his true name before opening arguments, explaining:

All I'm doing is, under the laws of the State of Texas, and because this subject came up at a pretrial hearing, I'm trying to make it clear for the record that you were given an opportunity to suggest a

different name. But the law also says if you do not—if he stands silent at this time and does not suggest that his true name is something other than what has just been read to him, that he will not be later heard to claim that he has a different true name. So what do you want to do?

Appellant's counsel responded that Appellant's true last name is Hasty, and the trial court corrected the information to reflect that name.

To preserve a complaint for our review a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, expressly or implicitly, or refused to rule, and the complaining party objected to the refusal. TEX.R.APP. P. 33.1(a)(2); *Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim.App.1996). Here, Appellant did not object to the trial court's questioning him in front of the jury about his name; in failing to object, Appellant failed to preserve error. We overrule Appellant's second point.

## EVIDENCE REGARDING ROBBERY

In his third and fifth points, Appellant contends that the trial court erred in admitting evidence regarding the incident in which the two occupants of his car, Jon Platt and Kimbala Carraway, were involved immediately before the three were arrested. Specifically, Appellant com-

---

**2.** Appellant introduced his birth certificate into evidence to explain the confusion regarding his name. His mother's last name is Haliburton while his father's is Hasty. According to testimony, Appellant generally used the name Haliburton.

plains that photographs of Platt and Carraway, a department store video of the incident, and testimony of a security officer who witnessed the robbery should not have been admitted. At trial, Appellant objected to the evidence as it was introduced on the grounds that it was "not germane" or irrelevant.

When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford a trial court great discretion. *Montgomery v. State,* 810 S.W.2d 372, 378–79 (Tex.Crim.App. 1990). Thus, we review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *See Angleton v. State,* 971 S.W.2d 65, 67 (Tex. Crim.App.1998). The trial court's ruling will be upheld as long as it is within the "zone of reasonable disagreement." *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000). Subject to certain exceptions, all relevant evidence is admissible in a criminal prosecution. Tex.R. Evid. 402. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R. Evid. 401.

In its opening argument, the State explained that it planned to introduce evidence regarding the robbery in order to put Appellant's stop in context. According to the prosecutor, the police officers who stopped Appellant had been informed that Appellant's car, which contained three individuals, had been involved in a robbery. This information explained why the officers pulled Appellant over and why they responded as they did to Appellant's actions. The information also dictated the procedures the officers followed in effectuating the stop.

The State's theory of relevance corresponds with the maxim that an offense is not tried in a vacuum. *See Wyatt v. State,* 23 S.W.3d 18, 25 (Tex.Crim.App. 2000). It is well settled that where one offense or transaction is one continuous episode, or another offense or transaction is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper if necessary to the jury's understanding of the charged offense. *Pondexter v. State,* 942 S.W.2d 577, 584 (Tex.Crim.App.1996), *cert. denied,* 522 U.S. 825, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997); *Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim.App.1993) (op. on reh'g); *Mitchell v. State,* 650 S.W.2d 801, 811 (Tex.Crim. App.1983); *cert. denied,* 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984). In other words, evidence of facts and circumstances surrounding the charged offense is admissible to show the context in which the criminal act occurred; the jury has a right to hear what occurred immediately before and after the commission of that act so that they may realistically evaluate the evidence. *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Crim.App. [Panel Op.] 1980); *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981).

We conclude that the trial court did not abuse its discretion in admitting the complained of evidence regarding the robbery. It is certainly within the zone of reasonable disagreement whether the robbery was so intertwined with the stop and arrest that the jury's understanding of the offense would have been obscured without it. Further, admission of the evidence tended to establish some evidentiary fact, namely the states of mind of both the police and Appellant at the time of the stop. Appellant's third and fifth points are overruled.

### WITNESS'S INVOCATION OF FIFTH AMENDMENT

In his fourth point, Appellant charges that the trial court acted improp-

erly after learning that Platt was to testify about the circumstances of Appellant's arrest. Appellant contends that the trial court "contacted the attorney representing Platt to come and convince Platt to take the Fifth Amendment so as not to give such testimony."

The record contains a direct examination of Platt from a hearing held outside the presence of the jury. In that examination, Platt testified that he had agreed to testify for Appellant but that, after discussing the matter with his attorney, he decided to exercise his right not to incriminate himself. The record reflects that Platt's attorney was in the courtroom during the questioning, but does not contain any explanation of who was responsible for the attorney's presence. In fact, the record is devoid of any indication that the trial court was involved in Platt's decision to consult with his attorney before testifying or in Platt's decision to invoke his Fifth Amendment right not to testify. When Appellant made a record of Platt's refusal to testify, he neither elicited testimony to show the trial court's allegedly improper actions nor recorded an objection to those actions. As such, Appellant failed to preserve error on his complaint. *See* Tex.R.App. P. 33.1(a)(1). We overrule Appellant's fourth point.

### Allegedly False Testimony

In his sixth point, Appellant contends that the trial court erred in allowing Officer D.A. Darracq and Mae Pasquet to "falsely testify" that he was not treated for injury when taken to the Tarrant County Jail. Darracq, the police officer who transported Appellant to jail, testified that he had no knowledge of any injury Appellant might have sustained during his arrest other than eye irritation from pepper spray. Pasquet, the employee of John Peter Smith hospital responsible for keeping medical records for inmates in the jail, testified that she was unable to locate any record that Appellant had requested medical care when he arrived at the jail. Although Appellant now complains that these two witnesses lied under oath, he failed to lodge an objection of any kind when the two testified. Thus, the trial court was never given an opportunity to address whether the witnesses perjured themselves. As such, Appellant did not preserve error on this complaint. *See* Tex. R.App. P. 33.1(a)(1). We overrule Appellant's sixth point.

### Motion for Mistrial

In his seventh point, Appellant contends that the trial court erred in denying his motion for a mistrial, which was predicated upon the prosecutor's characterizing Appellant as a liar, a thief, and generally a "bad guy" during closing arguments. The proper method to object to jury argument is: 1) object; 2) request an instruction to disregard; and 3) move for a mistrial. *Harris v. State,* 784 S.W.2d 5, 12 (Tex.Crim.App.1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990); *Brooks v. State,* 642 S.W.2d 791, 798 (Tex.Crim.App. [Panel Op.] 1982); *Koller v. State,* 518 S.W.2d 373, 375 n. 2 (Tex.Crim.App.1975). The defendant must continue to object each time the impermissible argument is made. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). Moreover, an objection to jury argument must be timely, i.e., at the time the improper argument is made, to preserve a complaint for appellate review. *Banda v. State,* 890 S.W.2d 42, 61 (Tex.Crim.App. 1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995).

The objection to the argument and the motion for mistrial were not made until after the State concluded its argument and the jury was dismissed to begin delibera-

tions. Appellant clearly waited too long to challenge the prosecutor's argument. Because Appellant did not object to the argument in a timely manner, the trial court did not err in overruling his motion for a mistrial. We overrule Appellant's seventh point.

### CONCLUSION

Having overruled all of Appellant's points, we affirm the trial court's judgment.