HALBERT LANCASTER MONTGOMERY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-451-CR

HALBERT LANCASTER MONTGOMERY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION ON THE STATE’S 

CROSS-PETITION FOR DISCRETIONARY REVIEW
(footnote: 1)

------------

We withdraw our opinion and judgment of June 26, 2003 and substitute the following in their place solely to make a nonsubstantive change on page 4.

After a jury trial, Appellant Halbert Montgomery was convicted of felony DWI.  He pled true to the habitual and enhancement paragraphs, and the jury assessed a punishment of sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Appellant brings two points on appeal, complaining that the State’s closing arguments after the guilt-innocence phase and punishment phase were improper.  Because we hold that the trial court did not reversibly err, we affirm the trial court’s judgment.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.
(footnote: 2)  

In his first point, Appellant complains that “[t]he trial court erred by allowing the State to argue that the jury could determine the Appellant’s level of intoxication was higher at [the] time of arrest even though the State had not introduced scientific retrograde extrapolation evidence to support that argument.”  At trial, State’s witness Mark Fondren, senior forensic chemist with the Tarrant County Medical Examiner’s Office, testified, in response to the prosecutor’s question, that the human body eliminates “approximately .020 grams of alcohol per hour, which equates to about a beer an hour or a beverage an hour.”  He confirmed that the elimination rate is about .02 per hour in response to defense counsel’s question on cross-examination.  Fondren also testified that Appellant gave two breath samples:  the first one indicated a value of .152 grams of alcohol per 210 liters of breath, and the second one indicated a value of .148 grams of alcohol per 210 liters of breath.

The following occurred during the State’s closing argument on rebuttal:

[STATE]: The breath test, the most damning piece of evidence against this gentleman.  Although it is an hour — or still here under an hour after the stop, he’s not charged with being intoxicated at that time.  But you can see from the breath test that he was coming down at that time.  And even coming down he was still – 

[DEFENSE COUNSEL]: Objection, Your Honor, that’s outside the record.  There’s been no testimony that he was coming down a slope or extrapolation.

THE COURT: Overruled.

[STATE]: If you can do math, you can see the first specimen is .15 and the second a few minutes later is .14.  And even at that, he’s still almost twice the legal limit of intoxication, ladies and gentlemen, under the law.  So you do the math yourself.  I say that if you look at this, you can see that at the time of driving, less than an hour before that, he was going to be at least that much or if not higher at the time of driving.  

The State argues that Appellant waived his point on appeal by not objecting “when the argument was repeated” immediately after his objection.  We disagree.  The State relies on a case out of this court,
 Haliburton v. State
, for the proposition that an objection is required each time the complained-of argument is made.
(footnote: 3)  While such language does appear in that case, it is not related to the holding.  In 
Haliburton
, we held that the appellant failed to preserve error by waiting until the prosecutor finished his argument and the jury was excused before he objected and moved for mistrial.
(footnote: 4)  Here, Appellant had already obtained the adverse ruling; there was no need for him to object again to a statement the trial court had just authorized the prosecutor to make and which the prosecutor was making in response to the trial court's overruling Appellant's objection.  Had the prosecutor made the objected-to statement a third time, however, Appellant would have been required to repeat his objection or request a running objection.  We therefore hold that Appellant preserved his complaint for review.  But we also hold that the State’s argument was a reasonable deduction from or summation of the evidence.
(footnote: 5)  We therefore overrule Appellant’s first point.

In his second point, Appellant complains that the trial court erred by denying his motion for mistrial after the State commented on his failure to testify in its closing argument at punishment.  When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.
(footnote: 6) 

After defense counsel asked the jury to consider a thirty-year sentence, the prosecutor responded with a summary of Appellant’s criminal history, emphasizing that he was an unreformed repeat offender:

Forty-five years and y’all can go as high up as you think your judgment determines.  But I am going to ask that y’all assess that amount because let’s be honest, he’s earned every day of it.  Okay.  This is not his first time in this courtroom, this is not his first time to ask for leniency.  And every time he’s been granted another chance, he screwed it up.

Defense counsel then objected that the argument was a comment on Appellant’s failure to testify.  The conscientious trial court sustained the objection and instructed the jury to disregard the comment but denied the motion for mistrial.  We hold that the argument was not a comment on Appellant’s failure to testify.  Appellant’s lawyer had argued for a lenient sentence.  The prosecutor was properly responding to that argument.  The prosecutor’s language was not “manifestly intended or . . . of such a character that the jury would necessarily and naturally take it as a comment on the defendant’s failure to testify.”
(footnote: 7)  Because the argument was proper, the trial court did not err in denying Appellant’s motion for mistrial.  We overrule Appellant’s second point.

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED: August 27, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

3:
Haliburton v. State
, 80 S.W.3d 309, 315 (Tex. App.—Fort Worth 2002, no pet.).

4:
Id.
 at 315-16.

5:
See Felder
, 848 S.W.2d at 94-95; 
Alejandro
, 493 S.W.2d at 231.

6:
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).

7:
Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).