MEMORANDUM OPINION


Nos. 04-02-00886-CR, 04-02-00887-CR, 04-02-00888-CR,
 04-02-00889-CR, & 04-02-00890-CR

Albert J. VILLARREAL,
Appellant

v.

The STATE of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court Nos. 01-09-148-CRW, 01-09-149-CRW, 01-09-151-CRW, 
01-09-152-CRW, & 01-09-163-CRW
Honorable Fred Shannon, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:   November 23, 2005

AFFIRMED
            Because the issues in this appeal involve the application of well-settled principles of law,
we affirm the trial court’s judgment in this memorandum opinion under Texas Rule of Appellate
Procedure 47.4 for the following reasons: 
 
            1. Accomplice witness testimony. Villarreal’s first issue asserts there is insufficient
evidence to corroborate Jesse Hernandez’s accomplice witness testimony. Article 38.14 of the
Texas Code of Criminal Procedure provides that a conviction cannot stand on accomplice
testimony unless there is other evidence tending to connect the defendant to the offense. Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.
Crim. App. 2002). “[A] person is an accomplice if he or she could be prosecuted for the same
offense as the defendant, or a lesser included offense.” Blake v. State, 971 S.W.2d 451, 454-55
(Tex. Crim. App. 1998). 
            The record reflects that Villarreal, a peace officer, was charged in his official capacity
with one count of fabricating physical evidence, two counts of tampering with a governmental
record, one count of official oppression, and one count of abuse of official capacity. Importantly,
Villarreal concedes in his brief that Hernandez, an informant, could not be prosecuted for the
same offenses for which he was prosecuted. In addition, Villarreal presents no argument or
authority indicating that Hernandez could be prosecuted for a lesser included offense to the stated
offenses. Villarreal’s first issue is therefore overruled. 
            2. False testimony. Villarreal’s second issue alleges that the trial court erred in allowing
two of the State’s witnesses, Leonard Gonzales and Jesse Hernandez, to “falsely testify” during
trial in violation of Villarreal’s due process rights under the Sixth and Fourteenth Amendments
to the United States Constitution and article 1, sections 10 and 19 of the Texas Constitution. 
Although Villarreal now complains that these two witnesses lied under oath, he failed to lodge a
timely or specific objection when the alleged false testimony was offered into the record. 
Villarreal therefore failed to preserve this issue for appellate review. See Haliburton v. State, 80
S.W.3d 309, 315 (Tex. App.—Fort Worth 2002, no pet.) (holding a defendant must object to
false testimony of witnesses to preserve the issue for appellate review); see also Tex. R. App. P.
33.1. Villarreal’s second issue is overruled.
            3. Failure to transcribe a complete record. Villarreal’s third issue complains about the
court reporter’s failure to transcribe several tape-recorded conversations between Jesse
Hernandez and Villarreal that were played to the jury during the guilt/innocence phase of the
trial. See Tex. R. App. P. 13.1 (requiring a court reporter to make a full record of all proceedings
unless excused by agreement of the parties). Any error concerning the court reporter’s failure to
transcribe a complete record, however, was not preserved for appellate review. The record
contains no indication that any objection was made to the failure of the court reporter to record
the parts of the proceeding where the tape recordings were played to the jury. See Valle v. State,
109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (holding an objection is required to preserve a
complaint concerning the failure to record proceedings); Brossette v. State, 99 S.W.3d 277, 284-85 (Tex. App.—Texarkana 2003, pet. dism’d, untimely filed) (same); see also Williams v. State,
937 S.W.2d 479, 487 (Tex. Crim. App. 1996). Villarreal’s third issue is overruled.
            4. Amendment to the charging instrument. Villarreal’s fourth issue complains that the
trial court erred by permitting the State to amend the indictment in cause no. 01-09-148-CRW on
the day of trial. See Tex. Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989) (providing “[o]n
the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter
period if requested by the defendant, to respond to the amended indictment or information”).
After the State asked to amend the indictment, Villarreal affirmatively stated on the record that
he waived any objections to the amended charging instrument. Villarreal therefore forfeited any
error concerning the amended indictment when he waived his objections and elected to proceed
with the trial. See id. art. 1.14(a) (Vernon 2005) (stating “[t]he defendant in a criminal
prosecution for any offense may waive any rights secured him by law”). Villarreal’s fourth issue
is overruled.
             5. Defective indictments. Villarreal’s fifth issue attacks the indictments in cause nos. 01-09-151-CRW and 01-09-152-CRW. The indictments, in pertinent part, state: “[Villarreal] served
as a peace officer with the 81st Judicial District Narcotics Task Force . . . .” Villarreal argues
that the indictments are defective because he in fact served as a peace officer with the Wilson
County Sheriff’s Department. Villarreal, however, made no objections on this ground prior to
trial. As a result, Villarreal’s complaint is waived. See id. art. 1.14(b) (“If the defendant does
not object to a defect, error, or irregularity of form or substance in an indictment or information
before the date on which the trial on the merits commences, he waives and forfeits the right to
object to the defect, error, or irregularity and he may not raise the objection on appeal or in any
other postconviction proceeding.”); Ramirez v. State, 105 S.W.3d 628, 630 (Tex. Crim. App.
2003).
            6. Erroneous admission of evidence. Villarreal’s sixth issue alleges the trial court erred
by allowing the State to introduce two written statements Jesse Hernandez made to authorities
concerning Villarreal’s alleged crimes. At the time the State sought to introduce Hernandez’s
written statements, Villarreal had already cross-examined Hernandez regarding his statements. 
“When a defendant offers the same testimony as that objected to, or the same evidence is
introduced from another source, without objection, the defendant is not in position to complain
on appeal.” Womble v. State, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981). Villarreal’s sixth issue
is overruled.
            7. Violation of the motion in limine. Villarreal’s seventh issue alleges the trial court erred
by allowing the State to elicit testimony that was the subject matter of his motion in limine. 
Before trial, the trial court granted Villarreal’s motion in limine regarding the State’s
presentation of evidence concerning extramarital affairs Villarreal allegedly had during his tenure
as an undercover agent. At trial, when the State elicited testimony concerning Villarreal’s affairs,
defense counsel did not timely object. Consequently, this issue has not been preserved for our
review. See Wilkerson v. State, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994) (quoting Gonzales
v. State, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985) (“‘For error to be preserved with regard to
the subject matter of [a] motion in limine, it is absolutely necessary that an objection be made at
the time when the subject is raised during the trial.’”).
            The judgment of the trial court is affirmed.
 
Catherine Stone, Justice

Do Not Publish