COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-485-CR

 

 

ALBERT JAMES JENKINS                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Albert James
Jenkins appeals his conviction for possession of a controlled substance, namely
cocaine, between four and two hundred grams. After finding Appellant guilty and
finding the allegations in the habitual count true, the jury assessed his
punishment at thirty years= confinement.  The trial court
sentenced him accordingly.  In nine
points, Appellant contends that the evidence is legally and factually
insufficient to support the jury=s guilty verdict, the trial court abused its discretion in overruling
his objections and motion for mistrial urged due to the prosecutor=s improper jury arguments, and the trial court abused its discretion
in overruling his objections to the testimony regarding drug dealing activity
shown to be unconnected to Appellant.

FACTUAL BACKGROUND

Police received a report of
suspicious activity around duplexes in the 700 block of North Cooper Street in
Arlington and set up surveillance of the area. Police officers then observed
suspicious behavior leading them to believe that drug activity was taking
place.  Police knocked on the door of the
duplex to determine who resided there, and Appellant answered the door and
stated that he stayed there with his girlfriend.  Two weeks later, a search warrant was issued
for that location, naming Appellant as the occupant of the residence.

Police went to execute the
warrant and encountered Appellant outside the duplex.  After arresting him, Police retrieved a key
to the duplex from Appellant=s pocket.  Police searched the
inside of the duplex and recovered cocaine from a dresser drawer and a safe in
the master bedroom. Police arrested Appellant and Rhoda Smith, who was listed
as the owner of the duplex. 

 








LEGAL AND FACTUAL SUFFICIENCY

In his first and second
points, Appellant contends that the evidence is legally and factually
insufficient to support the guilty verdict.  The State submits that there is ample evidence
affirmatively linking Appellant to the cocaine; thus, the evidence is legally
and factually sufficient. 

1. Legal Sufficiency Standard
of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

2. Factual Sufficiency
Standard of Review








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 

In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482. 

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

3. Sufficiency of the
Evidence

Appellant contends that the
evidence is insufficient to find him guilty of possession of a controlled
substance because police found the controlled substance in the duplex and
Appellant was found outside the duplex. 
He argues that the fact that he stayed with his girlfriend, Rhoda Smith,
does not demonstrate that he knew of or possessed any of the drugs in the
duplex.  The State asserts that there is
sufficient evidence affirmatively linking Appellant to the cocaine; thus,
Appellant=s conviction
should be upheld. 








An accused possesses a
controlled substance when he exercises actual care, control, or custody over
the substance; is conscious of his connection with the substance; and knows
what the substance is.  Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
It is well established that drug possession need not be exclusive, and
that an individual can possess drugs jointly with others.  State v. Derrow, 981 S.W.2d 776, 779
(Tex. App.CHouston [1st
Dist.] 1998, pet. ref'd).  When the
accused is not in exclusive possession of the place where the substance is
found, it cannot be concluded that the accused had knowledge of and control
over the contraband unless there are additional independent facts and
circumstances which affirmatively link the accused to the contraband.  Poindexter v. State, 153 S.W.3d 402,
406 (Tex. Crim. App. 2005).  Whether the
evidence supporting a conviction for unlawful possession of a controlled
substance is direct or circumstantial, it must establish, to the requisite
level of confidence, that the accused's connection with the drug was more than
just fortuitous under the Aaffirmative links@ rule.  Brown, 911 S.W.2d
at 747.  What an affirmative link
essentially does is describe why the circumstantial evidence in a particular
case is sufficient for conviction.  Id.













The factors to be considered
in establishing an affirmative link include the following:  (1) the defendant's presence when the search
was executed; (2) whether the contraband was in plain view; (3) the defendant's
proximity to and the accessibility of the narcotic; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband when arrested; (6) whether the defendant made
incriminating statements when arrested; (7) whether the defendant attempted to
flee; (8) whether the defendant made furtive gestures; (9) the presence of odor
of the contraband; (10) the presence of other contraband or drug paraphernalia;
(11) the defendant's ownership or right to possession of the place where the
controlled substance was found; and (12) whether the place the drugs were found
was enclosed.  Harris v. State,
173 S.W.3d 575, 579 (Tex. App.CFort Worth 2005, no pet.); Hyett v. State, 58 S.W.3d 826, 830
(Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d); Jones v. State, 963 S.W.2d 826, 830 (Tex. App.CTexarkana 1998, pet. ref=d); Chavez v. State, 769 S.W.2d 284, 288-89 (Tex. App.CHouston [1st Dist.] 1989, pet. ref=d).  Another factor to consider
is whether the contraband is found in an area that contains men's clothing if
the defendant is a male.  Robles v.
State, 104 S.W.3d 649, 651 (Tex. App.CHouston [1st Dist.] 2003, no pet.). 
It is not the number of affirmative links present that is important, but
rather the Alogical
force@ that they create to prove that the defendant committed the crime.  Nhem v. State, 129 S.W.3d 696, 699-700
(Tex. App.CHouston [1st
Dist.] 2004, no pet.). The link, however, need not be so strong that it
excludes every other reasonable hypothesis except the defendant's guilt.  Brown, 911 S.W.2d at 748; Hudson v.
State, 128 S.W.3d 367, 374 (Tex. App.CTexarkana 2004, no pet.).

In the present case, police
observed suspicious behavior and believed that drug activity was taking place
in the area.  Officer Ben Lopez knocked
on the door of the duplex to determine who resided there.  Appellant answered the door and said that he Astayed there with [his] girlfriend.@  On cross-examination, Officer
Lopez acknowledged that he did not request to see Appellant=s driver=s license,
nor did he investigate whether the water or tax records reflected who  paid the water and tax bills.  When Appellant cross-examined Officer Allison
Turner, who prepared the affidavit for the search warrant and was present
during the search of the duplex, she confirmed that Rhoda Smith, Appellant=s girlfriend, was the listed owner of the duplex and the power and
water bills were in her name. 








When searching the duplex,
officers found paperwork showing that Smith resided at the duplex.  Sergeant Russell Yowell found a veterinary
receipt that had Appellant=s name, the name of the dog that had been treated,  and the address of the duplex.  On cross-examination, Sergeant Yowell
acknowledged that he did not know whether the address listed was Appellant=s address or the address of the animal that was treated.  Appellant introduced into evidence his driver=s license, which listed an address other than the duplex. 

When police executed the
search warrant at the residence, Appellant was sitting on the trunk of a parked
car in the alleyway of the duplex. 
Inside the duplex were Smith, her four children, and a relative of hers,
John Smith.  Officer Daniel Garza
testified that he removed a key chain from Appellant=s pocket.  A key found on the
key chain operated the lock to the duplex. 
Officers noted that there were several cases of beer inside the
residence, and Detective Turner testified that Appellant informed her that the
beer had been left there in anticipation of a party for Appellant=s son, who was scheduled to be released from jail. 








Detective Heath Cook searched
a five-drawer chest of drawers in the master bedroom of the duplex, and in the
fourth drawer he found what appeared to be men=s clothing and a blue bank bag containing a small digital scale and
approximately 13 grams of cocaine.  The
detective could not recall whether the fifth drawer contained men=s clothing as well, but he did remember that the first three of the
drawers contained women=s
clothing.  Detective Cook stated that one
of the shirts found in the drawer was a double extra large, which was
consistent with the other shirts and items that were found in the drawer.  Officers also uncovered men=s clothing in the master bedroom closet near the safe that contained
additional cocaine.

Detective Cook testified that
the safe found in the master bedroom area had a dial combination lock, but did
he not recall whether the safe also had a key lock as well.  Officers broke into the safe and recovered
over $1200 in cash and a large quantity of crack cocaine that weighed a total
of 109.47 grams.  The currency was rolled
up in fifty-dollar increments, secured by rubber bands.  Detective Tonya English testified that she
found money in Smith=s purse that
had been rolled in the same manner as the money that officers found in the
safe.  Although five items, including the
digital scale but not the safe, were tested for fingerprints, only one partial
print that was identifiable was recovered and none of the fingerprints were
conclusively identified as belonging to Appellant.








The evidence, which this
court must view in the light most favorable to the verdict, is sufficient to
affirmatively link Appellant to the crack cocaine.  Appellant informed police that he Astayed there with [his] girlfriend,@ a search of Appellant=s pockets uncovered a key that opened the door lock to the duplex, men=s clothing was found in a drawer that also contained cocaine, and the
veterinary bill found in the master bedroom listed Appellant=s name and the address of the duplex. 
Although Appellant contends that the evidence is insufficient to show
any illegal activity by Appellant, that is a fact issue that is best left to
the jury's determination, as the jury was in the best position to judge the
credibility of the witnesses and to resolve any conflicts in the evidence.  Zuniga, 144 S.W.3d at 481. 

Based on the totality of the
circumstances, we conclude that sufficient affirmative links establish that
Appellant was in possession of cocaine.  Therefore,
we hold that after considering all the evidence introduced at trial in the
light most favorable to the verdict, there was sufficient evidence for the jury
to find the essential elements of the crime beyond a reasonable doubt.  We further hold that the evidence, when
viewed in a neutral light, was sufficient to allow the jury to find guilt
beyond a reasonable doubt.  Thus, we hold
that the evidence was both legally and factually sufficient.  We overrule Appellant's first and second
points.

JURY ARGUMENT

In points three, four, five,
and nine, Appellant complains that the trial court reversibly erred and abused
its discretion in overruling his motion for a mistrial urged due to the
prosecutor=s alleged
improper and harmful jury argument at the guilt-innocence phase of the trial. 

 

 








1. Standard of Review

To be permissible, the State=s jury argument
must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973).

If a jury argument exceeds the bounds of proper argument,
the trial court=s erroneous overruling of a defendant=s objection is not
reversible error unless it affected the appellant=s substantial
rights.  Tex. R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d
677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  In
determining whether the appellant=s substantial
rights were affected, we consider:  (1)
the severity of the misconduct (i.e., the prejudicial effect of the prosecutor=s remarks), (2)
curative measures, and (3) the certainty of conviction absent the
misconduct.  Martinez, 17 S.W.3d
at 692-93; Mosley, 983 S.W.2d at 259.








When the trial court sustains an objection and instructs
the jury to disregard but denies a defendant=s motion for a
mistrial, the issue is whether the trial court abused its discretion in denying
the mistrial.  Hawkins v. State,
135 S.W.3d 72, 77 (Tex. Crim. App. 2004). 
Only in extreme circumstances, when the prejudice caused by the improper
argument is incurable, that is, Aso prejudicial
that expenditure of further time and expense would be wasteful and futile,@ will a mistrial
be required.  Id.; see also Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542
U.S. 905 (2004).  In determining whether
the trial court abused its discretion in denying the mistrial, we balance three
factors:  (1) the severity of the
misconduct (prejudicial effect), (2) curative measures, and (3) the certainty
of conviction absent the misconduct.  Hawkins,
135 S.W.3d at 77; Mosley, 983 S.W.2d at 259.

2. Arguments Made By The
Prosecutor

In his third point, Appellant
complains about a statement the prosecutor made when he argued to the jury that
the evidence showed that defendant exercised actual care, custody, control, or
management of the drugs found in the duplex. 
The prosecutor stated, Ayou=ve got. . .
Judge Gill finding that probable cause exists to search that apartment, and
this Defendant=s name is on
the warrant.@  Appellant objected on the basis that the
prosecutor was attempting to mischaracterize the evidence and present a
judicial finding in favor of a contested issue. 
The trial court sustained the objection and, upon Appellant=s request, the trial court instructed the jury to disregard.
Subsequently, the trial court overruled Appellant=s request for a mistrial.













The prosecutor=s statement regarding the judge=s determination of probable cause to search the house and naming
Appellant on the warrant was improper because it invited the jury to consider
the judge=s
determination in deciding a contested issue of whether Appellant had actual
care, custody, control, or management of the contraband.  See Jackson v. State, 17 S.W.3d 664,
675 (Tex. Crim. App. 2000) (holding that it is improper for a prosecutor to
convey to the jury during argument that he possesses a specialized expertise
about a contested factual issue in the case because it poses a danger of
influencing the jury in deciding the issue). 
Balancing the factors, we determine that the misconduct was severe
because it invited the jury to consider a judge=s determination that Appellant should be named in the search warrant
to determine a contested issue, however, the trial court promptly instructed
the jury to disregard the statement, and the evidence as a whole suggests that
Appellant would have been convicted absent the misconduct.  See Mosley, 983 S.W.2d at 259.  Therefore, we hold that the
trial court=s prompt
instruction to disregard was sufficient to cure the error, and the trial court=s refusal to grant the mistrial was not an abuse of discretion.  See Taylor v. State, 550 S.W.2d
695, 697 (Tex. Crim. App. 1977) (determining that statement to the jury that
the grand jury had heard the same evidence before the petit jury, and the grand
jury had returned an indictment was harmful, but the trial court did not err
because it cured the harm by a prompt instruction to disregard).  Thus, we overrule Appellant=s third point.

In points four and five,
Appellant contends that the trial court committed reversible error by not
declaring a mistrial when the prosecutor stated, A. . . I submit to you that the proof in this case and the reasonable
inference in this case is this.  The
Defendant was paying [Smith] to use her house.@  The trial court sustained
Appellant=s objection
and instructed the jury to disregard but denied Appellant=s motion for mistrial.  Later
during his argument, the prosecutor continued, stating A[Appellant] was living with [Smith], paying her off out of the money
from that safe.@  The trial judge overruled Appellant=s objection to this statement.








The statements made by the
prosecutor cannot be categorized as a summation of the evidence, a reasonable
deduction from the evidence, an answer to argument of opposing counsel, or plea
for law enforcement.  The relevant
evidence presented showed that Appellant had a key to the duplex, Appellant had
informed police that he stayed at the duplex with his girlfriend, and male
clothing was found in the master bedroom of the duplex.  Officers found cash in the
safe, which was rolled and secured by a rubber band in the same manner as money
that was found in Smith=s
purse.  It appears that, through his
statements that Appellant was Apaying [Smith] to use her house@ and Apaying
[Smith] off out of the money from that safe,@ the prosecutor was attempting to strengthen Appellant=s control over the cocaine that officers found in the safe.  We conclude these statements were not
reasonable deductions from the evidence presented. 

The trial court sustained
Appellant=s objection
to the initial statement made by the prosecutor and instructed the jury to
disregard the statement.  We must balance
the factors to determine whether the trial court abused its discretion in
denying the mistrial.  See Hawkins,
135 S.W.3d at 77.  The misconduct was not
severe because the issue of whether Appellant paid Smith to use the house was
not a significant issue.  Additionally,
the trial court promptly instructed the jury to disregard the statement and, in
light of the evidence as a whole, it is likely that Appellant would have been
convicted of possession of cocaine even absent this statement by the
prosecutor.  We cannot conclude that the
prosecutor=s statement
was Aso prejudicial that expenditure of further time and expense would be wasteful
and futile.@  See id. We hold that the trial court
did not abuse its discretion in denying Appellant=s request for a mistrial. 
Therefore, we overrule point four.








The trial court improperly
overruled Appellant=s objection
to the second statement; therefore, we must determine whether the trial court=s overruling of Appellant=s objection affected his substantial rights.  See Tex. R. App. P. 44.2(b).  Here, the misconduct was not
severe and the prosecutor=s remark
would have little prejudicial effect on the jury=s decision because the issue of whether Appellant paid Smith to use
the house was not a significant issue. 
Although no curative measures, such as an instruction to disregard, were
taken in response to the prosecutor=s second statement, the jury had previously been told to disregard a
similar statement.  Finally, the nature
of the evidence as a whole suggests that Appellant would have been convicted of
possession of cocaine even absent the prosecutor=s remarks.  Thus, we hold that
the trial court did not abuse its discretion in overruling Appellant=s objection.  Accordingly, we
overrule point five.

In his ninth point, Appellant
contends that the trial court reversibly erred in denying his request for a
mistrial after the prosecutor made reference to Appellant being a drug dealer,
in violation of the motion in limine. 
Appellant never directs us to a specific portion of the record where the
prosecutor alludes to his drug selling activities, but a thorough review of
closing arguments reveals that the prosecutor mentioned the scale and the Adeal baggies@ that were
found in the chest of drawers a total of three times.  In his conclusion, the prosecutor told the
jury, 








. . .
[y]ou know what kind of person the Defendant is with his scale, his baggies,
and his dope.  And I submit the evidence
suggests that there=s a
lot more going on out there than possession of controlled substance, but that=s
what he=s
charged with, and that=s
what I ask you to find him guilty of. 

 

Appellant contends that the
issue of whether he had been selling drugs had previously been resolved against
the State beyond a reasonable doubt, and therefore, was not the proper subject
of jury argument.  During the initial
trial of this cause, Appellant was acquitted of possession of a controlled
substance with the intent to deliver, and the jury found him guilty of the lesser
included offense of possession of a controlled substance, but the trial court
declared a mistrial because the jury was unable to agree on a sentence.
Appellant contends that the State was attempting to urge that Appellant engaged
in selling drugs in an effort to influence the jury=s verdict.  Appellant did not
object to a single instance where the prosecutor mentioned the deal baggies and
scale or the argument quoted above.  It
was not until after the jury was excused that Appellant requested a mistrial
based on the prosecutor=s
implication that Appellant was dealing drugs.








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley, 983 S.W.2d at 265. 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  An objection must be made as soon as the basis
for the objection becomes apparent.  Tex. R. Evid. 103(a)(1); Lagrone v.
State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 U.S.
917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  Absent an objection to jury
argument at trial, nothing is presented for review.  Threadgill v. State, 146 S.W.3d 654,
667 (Tex. Crim. App. 2004); Valencia v. State, 946 S.W.2d  81, 82-83 (Tex. Crim. App. 1997) (op. on reh=g).  Error is not
preserved when the defense waits until the prosecutor has finished his argument
and the jury has been excused before objecting and moving for mistrial.  Haliburton v. State, 80 S.W.3d 309, 315-16
(Tex. App.CFort Worth
2002, no pet.).

Appellant requested a
mistrial based on the prosecutor=s references to the facts that would lead to an inference that
Appellant was dealing drugs after the jury had been excused.  Because Appellant failed to timely object to
the jury argument at trial, he has not preserved this complaint for our
review.  Therefore, we overrule Appellant=s ninth point.

 

 








EXTRANEOUS OFFENSE TESTIMONY

In points six, seven, and eight, Appellant contends that
the trial court reversibly erred and abused its discretion in overruling his
objections to the admissibility of testimony of drug dealing activity occurring
at the duplex prior to the search and arrest of Appellant because the evidence
was inadmissible as Abackground contextual evidence.@  He complains about Detective Turner=s testimony that
she observed what she believed to be drug dealing activity when she saw
vehicles approach the alleyway, a person approached the vehicles, and shortly
thereafter, the vehicles drove away.  He
further contests Detective Turner=s testimony that
she saw signs of counter-surveillance in the area, where people would ride
around on bicycles and inform the subjects in the alleyway when a police car
would drive by, and the subjects would then retreat into the duplexes.  Detective Turner never testified that
Appellant was selling drugs outside the duplexes. 

We review a trial court=s ruling to admit or exclude evidence under an abuse of discretion
standard.  Rankin v. State, 974
S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh=g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).  If the trial court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Rankin,
974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.








The State contends that
Appellant has waived the objection because his complaint on appeal does not
comport with his trial objection.  The
State urges that Appellant=s trial objections were based upon Rules 401 and 403, but his complaint
on appeal, based upon Rule 404(b), was never ruled on by the trial court.  We disagree because the trial court expressly
granted Appellant=s request
for a limiting instruction, and the limiting instruction specifically tracked
the language of Rule 404(b); therefore, by implication, the trial court
considered Appellant=s objection
to the extraneous offense testimony to include an objection under Rule 404(b).

Evidence of an extraneous
offense is not admissible to prove the character of a defendant in order to
show that the defendant acted in conformity with that character on a particular
occasion.  See Tex. R. Evid. 404(b); Lockhart v.
State, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992), cert. denied, 510
U.S. 849 (1993).  In order to constitute
an improper reference to an extraneous offense, Athe evidence must show a crime or bad act, and that the defendant was
connected to it.@ Lockhart,
847 S.W.2d at 573.  Evidence of an
extraneous offense must necessarily involve evidence of prior criminal conduct
by the accused.  McKay v. State,
707 S.W.2d 23, 31‑32 (Tex. Crim. App. 1985), cert. denied, 479
U.S. 871 (1986). 








The court of criminal appeals
has set forth a two‑part test to be applied in determining the
admissibility of background evidence.  Mayes
v. State, 816 S.W.2d 79, 84‑87 (Tex. Crim. App. 1991).  The first question to be addressed is whether
the background evidence is relevant under Rule 401.  Rogers v. State, 853 S.W.2d 29, 32 (Tex.
Crim. App. 1993).  If the background
evidence in question is relevant, the next issue to be resolved is whether the
evidence Ashould be
admitted as an >exception= under Rule 404(b).@  Id.

Mayes distinguished between two types of background evidence:  (1) evidence of other offenses connected with
the primary offense, referred to as Asame transaction contextual evidence,@ and (2) general background evidence, referred to as Abackground contextual evidence.@  Id. at 33.  ASame transaction contextual evidence@ is evidence of Aacts, words
and conduct@ of the
appellant at the time of his arrest.  Id.
 Same transaction contextual evidence
is admissible as an exception under Rule 404(b) where such evidence is
necessary to the jury's understanding of the instant offense.  Id. 
Background contextual evidence is character evidence offered on the
rationale that it is Abackground@ evidence helpful to a jury, but it is not admissible as one of the
alternative purposes for which such evidence may be introduced under Rule
404(b).  Mayes, 816 S.W.2d at
88. 








The evidence that Appellant
objects to does not rise to the level of alleging that he committed an
extraneous offense because the State never attempted to establish that he was
connected to any extraneous crime or bad act.  See Lockhart, 847 S.W.2d at 573.  Instead, the State introduced the evidence
merely to explain to the jury why the police were interested in this specific
area.  See Williams v. State,
834 S.W.2d 502, 507‑08 (Tex. App.CFort Worth 1992, pet. ref'd) (holding that testimony in possession‑of‑firearm
case referring to narcotics and characterizing location where the defendant was
apprehended as Acriminal
location@ was admissible because it did not connect the defendant to an
extraneous crime).  In fact, Appellant
specifically stated in his briefing to this court that the drug dealing
activity was Ashown to be
unconnected@ to
Appellant.








Therefore, we hold that the
trial court did not abuse its discretion in admitting the evidence regarding
the drug dealing activities that occurred outside the duplexes.  Furthermore, even if the judge erred in
allowing any of the testimony into evidence, any error was harmless because the
jury was instructed that they were not to consider any testimony concerning
extraneous offenses unless they believed beyond a reasonable doubt that such
offenses, if any, were committed, and if so, the jury was instructed that they
should only consider the extraneous offenses for the limited purposes deemed
proper under Rule 404(b).  Accordingly,
we overrule points six, seven, and eight.

CONCLUSION

Having overruled Appellant=s nine points, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL
A:  HOLMAN, LIVINGSTON, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 19, 2006











[1]See Tex. R. App. P. 47.4.